C. C. GREENE, v. BILLIE GREENE, otherwise known as Billie Bone, otherwise known as Billie Griffin, et al.

22 So. (2nd) 792 June Term, 1945
July 10, 1945 Division A

*Mitchell D Price, Zaring & Florence,* for appellant.

*John M. Murrell,* for appellee.

ADAMS, J.:

C. C. Greene filed a bill to rescind a contract of compromise and settlement which he had made with one Billie Greene.

Theretofore, Paul Greene, son of the plaintiff, died intestate and both C. C. Greene and Billie Greene claimed his estate. The father claimed that his son died intestate and without widow or child. Billie Greene claimed as the common law wife. The claimants ended the controversy by an agreement in writing whereby C. C. Greene received approximately $13,500 of an estate variously valued at from $40,000 to $80,000.

Thereafter C. C. Greene filed his bill to rescind the contract on the ground of fraud. The specific charge being that Billie Greene had a living husband before she met his son and therefore she had no capacity to enter into a common law marriage; that Billie Greene concealed this former marriage and he was without knowledge of same until after the agreement of settlement.

In the final analysis the question for us to decide is whether the decree appealed from is sustained by the evidence. We are not called upon to determine whether, in fact, Billie Greene had a living husband. It is the unquestioned law that if she had a living husband she was incapable of contracting a common law marriage. The contending parties foreclosed that question however by the contract. We are concerned on this appeal with the charge that Billie Greene withheld knowledge that she had a living husband from C. C. Greene until he entered into the agreement.

The decree is based on conflicting testimony, although substantial, that the parties were negotiating for a settlement and C. C. Greene called Billie Greene via telephone and asked her about her former marriage and thereupon laid claim to the whole estate. The negotiations then took an immediate turn in favor of the father of approximately $3,000.00.

We have studied the record and are of the opinion that the evidence sustains the decree of the chancellor. We find no error of procedure and affirm the decree.

Affirmed.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.