MATERNITY TROUSSEAU, INC.

v.

MATERNITY MART OF BALTIMORE, INC., and Marilyn Weinstein; and M. A. Fine; and Tony Lynn; and Stern Made Dress Company; and Stork Styles; and Junior Maternity.

Civ. No. 12205.

United States District Court
D. Maryland.

Aug. 18, 1961.

Fred Kolodner, Baltimore, Md., for plaintiff.

Donald N. Rothman, G. Joseph Sills, Jr., Gordon, Feinblatt & Rothman, Baltimore, Md., for defendants Maternity Mart of Baltimore, Inc., Marilyn Weinstein, Toni Lynn Maternities, Inc. (sued as Tony Lynn), Maternity Originals, Inc. (sued as Stork Styles) and Junior Maternity.

John Henry Lewin, Venable, Baetjer & Howard, Baltimore, Md., for defendant M. H. Fine Co. (sued as M. A. Fine).

Eli Frank, Jr., Frank, Bernstein, Gutberlet & Conaway, Baltimore, Md., for defendant Stern Made Dress Co., Inc. (sued as Stern Made Dress Co.).

THOMSEN, Chief Judge.

This is an action by a Maryland corporation against seven defendants, alleging violation of the antitrust laws. Each of the defendants has separately moved to dismiss the complaint, or to quash the service of process, or both.

(1) Maternity Mart of Baltimore, Inc., is a Maryland corporation. The complaint alleges a cause of action against this defendant, but the process was not served on its resident agent or on any other authorized person. At the hearing, all parties agreed that the motion to quash the return of service as to that corporation should be granted, with leave to the plaintiff to make proper service.

■ (2) Marilyn Weinstein is an individual resident of the State of Delaware, an officer of defendant Maternity Mart of Baltimore, Inc., and also an officer, stockholder or director of related companies. Service of process was made on her, as authorized by Rule 4(d) (7), F.R.Civ.P., 28 U.S.C.A., by service on the Secretary of the State of Maryland, pursuant to Art. 75, sec. 78 of the Annotated Code of Maryland, 1957 ed., which provides:

"Any nonresident, person, firm, partnership, general or limited, not qualified under the laws of this State as to doing business herein, who shall do any business or perform any character of work or service in this State, shall, by the doing of such business or the performing of such work, or services, be deemed to have appointed the Secretary of State to be the true and lawful attorney or agent of such nonresident, upon whom process may be served in any action accrued or accruing from the doing of such business, or the performing of such work, or services, or as an incident thereto by any such nonresident, or his, its or their agent, servant or employee. Service of such process shall be made in the same manner and with the same consequences as is provided for service on nonresident motor vehicle owners or operators in Article 66½, § 115 (a)–(h), inclusive, of this Code."

She has moved to quash the service of process on her, alleging that she does not "in her individual capacity do business or perform work within the State of Maryland", although she does not deny that she has done business or performed work within the State of Maryland in her capacity as an officer of Maternity Mart of Baltimore, Inc. Such activity within the State by an officer, agent or employee of a corporation constitutes doing business or performing work or service in the States within the meaning of Art. 75, sec. 78. In Schoettle v. Sarkes Tarzian, Inc., E.D.Pa., 167 F.Supp. 172, relied on by plaintiff, it did not appear that the individual defendant had ever been in the State of Pennsylvania. It appeared only that he was a stockholder, director or officer of a corporation which had a place of business in Pennsylvania.

Marilyn Weinstein also argues that Art. 75, sec. 78 applies only to nonresident persons, firms and partnerships which are required to qualify under the laws of the State of Maryland in order to do business therein and who have not so qualified. I do not agree. Persons, firms and partnerships who are required to qualify under the laws of Maryland in order to do business in this State ordinarily are required to designate an agent, upon whom process against such person, firm or corporation may be served. For example, under Art. 56, secs. 212 and 219, nonresident real estate brokers who qualify to do business in Maryland must designate the Secretary of the Real Estate Commission of Maryland as their agent for the service of process. Service on persons, firms or partnerships who have so qualified must be made on the designated agent. Service on other persons, firms or partnerships, who are not required to qualify or who have not qualified under the laws of Maryland, and therefore do not have such an agent, may be made on the Secretary of State under Art. 75, sec. 78.

■ The motion of Marilyn Weinstein to dismiss the complaint is also without

merit. The fact that she may have been acting on behalf of the corporation in participating in the alleged conspiracy would not relieve her from liability if such illegal acts on her part are proved.

■ (3) All but one of the other five defendants are sued under trade names or under names of non-existent individuals or under incorrect corporate names. Motions have been filed by all five of the other defendants, claiming misnomer when appropriate and stating the proper corporate names, alleging various facts with respect to their business connections in the State of Maryland, and denying that they were transacting business in Maryland within the meaning of 15 U.S.C.A. § 22. See United States v. Scophony Corp., 333 U.S. 795, 68 S.Ct. 855, 92 L.Ed. 1091; Eastman Kodak Co. of New York v. Southern Photo Materials Co., 273 U.S. 359, 47 S.Ct. 400, 71 L. Ed.2d 684; Donlan v. Carvel, D.Md., 193 F.Supp. 246. The service of process on them was unquestionably bad as against corporations. The complaint is very loosely drawn and does not allege whether any act by any of these five defendants in connection with the alleged conspiracy was performed in the State of Maryland by any officer, employee or agent of the respective defendants. That fact may have some bearing on the issue whether those companies were transacting business in the State of Maryland within the meaning of 15 U.S.C.A. § 22. Under the circumstances, it seems proper to quash the service on those defendants and to dismiss the complaint against them, with leave to the plaintiff to file an amended complaint within thirty days. After process is duly served, the facts and the law on any material issue may be developed more fully than they have been on the present record.

### Order

(1) The motion to dismiss the complaint as against Maternity Mart of Baltimore, Inc., is hereby denied. The motion to quash the service of process on that corporation is granted, with leave to plaintiff to make proper service within thirty days from the date of this order.

(2) The motion of Marilyn Weinstein to quash the service of process is hereby denied. Her motion to dismiss the complaint as against her is also denied.

(3) The several motions to quash the service of process on M. A. Fine, Tony Lynn, Stern Made Dress Company, Stork Styles and Junior Maternity are hereby granted. The motions to dismiss the complaint against those defendants are also granted, with leave to the plaintiff to file an amended complaint within thirty days from the date of this order.