169 So.2d 851 (1964)
Samuel ODELL and David Odell, Appellants,
v.
Burton R. SIGNER and David Marks, Appellees.
No. 64-670.
District Court of Appeal of Florida. Third District.
December 15, 1964.
Rehearing Denied January 6, 1965.
*852 Richard L. Lapidus, Miami, for appellants.
Garland M. Budd, Miami, for appellees.
Before HORTON, TILLMAN PEARSON and HENDRY, JJ.
HENDRY, Judge.
Appellants instituted an action in the Circuit Court of Dade County, Florida, against the appellees, Burton R. Signer, David Marks and the North American Investment & Development Corporation. The corporation is not a party to this appeal. Appellants sought to re-establish a promissory note signed by the individual appellees and the corporation, and to obtain judgment on the note against the makers thereof for default thereon. The trial court granted appellees' motion to dismiss, as to them, based on lack of jurisdiction by the court over them. This interlocutory appeal is from the order of dismissal.
The individual appellees are residents of Ohio and officers and stockholders of the defendant corporation, North American Investment and Development Corporation. This corporation is also of Ohio origin. Some years ago, these appellees, were engaged in business activities, in Florida, as agents of the corporation. As a result of these business activities, a dispute arose between the parties, and the appellants instituted a law suit against the defendant corporation and the appellees. This litigation was resolved by settlement which resulted in the appellees and the defendant-corporation giving the note (the subject matter of this litigation) to the appellant. The note was signed by the appellees in their individual capacity as well as on behalf of the defendant corporation.
The appellees were served in this law suit by authority of § 47.16[1] Fla. Stat., *853 F.S.A. Appellees do not contest the fact that the corporation conducted such activities as resulted in its being amenable to service pursuant to § 47.16, but they argue that insofar as they are individually concerned there has been insufficient activity. All of the acts performed by them in Florida were as agents, officers or employees of the corporation and are not attributable to them individually. The only act performed individually by appellees, they contend, was the signing of the note in settlement of the litigation, and such activity does not constitute "doing business" as required by the statute.[2]
Appellant contends that these individuals not only acted in a corporate capacity, but in an individual capacity as well. The notes they signed in settlement of the prior litigation was to relieve them of individual liability as well as corporate responsibility to appellants.
Appellees respond to this allegation by denying that any of their activities was other than corporate. They further argue that the factual matters upon which the said litigation arose are precluded from determination by virtue of the settlement.[3] This proposition, of course, is in regard to the factual basis of the prior cause of action, not those collateral facts which go to jurisdiction.[4] In fact, if we were to literally apply this rule of law in this case we could not determine appellees' contention that all of the actions performed by appellees were in behalf of the corporation and not individual.
First we hold that the signing of a note and the defense of a law suit are not sufficient acts, in and of themselves, to constitute carrying on or engaging in a business or business venture.[5] This determination does not resolve our problem because the above acts are the only such acts appellees admit having individually performed in this state. All other transactions, they claim, were performed in their capacity as corporate officers.
This presents a rather unique situation. The corporation has performed sufficient acts to constitute it as doing business, but the individuals through whom the corporation must act, have not performed sufficient acts to constitute them as doing business. May the corporate acts be imputed to the individuals for the purpose of obtaining jurisdiction over them? In this instance we think so.
We reach this result for several reasons. Initially, we refuse to compartmentalize our concept of jurisdiction, in that, we will not consider the individual's act of signing the note in a vacuum. We must consider the circumstances surrounding the signing of this note by them. This note was signed in order to end litigation which had been initiated by virtue of obtaining personal service upon these individuals. By settling the litigation, and then refusing to honor the note given in settlement, these individuals are defeating the jurisdiction over them initially obtained. We can not condone such action. Further, in this case, the acts of the corporation are chargeable to the individuals for purposes of determining the existence of jurisdiction. The reason being that the individual officers, as agents of the corporation would be personally liable to any third person they injured by virtue of their tortious activity even if such act were performed within the scope of their employment as *854 corporate officers.[6] On this basis, appellees could not escape liability because of their non-residence, when the corporation which they represent was doing business in the state. If the tortious corporate activity is attributable to them personally, then the acts of that corporation which constitute it as doing business in this state, are similarly attributable to the individuals for purposes of determining jurisdiction.
In a somewhat similar situation, the U.S. District Court for Maryland in Maternity Trousseau, Inc. v. Maternity Mart of Baltimore, 196 F. Supp. 456 (D.C.Md. 1961) held that a non-resident officer of a foreign corporation, which corporation had committed sufficient acts in Maryland to constitute it as doing business, was chargeable with the acts of the corporation to determine if the officer, as an individual, was present in the state for purposes of jurisdiction. Accordingly, the court determined that the acts of the officer committed, in the state, for the corporation were sufficient to constitute the individual as having done business in the state for purposes of jurisdiction.
In view of the above, the trial court erred in dismissing the complaint as to appellees. Accordingly, the judgment appealed is reversed.
Reversed.
HORTON, Judge (dissenting).
I respectfully dissent.
It is my view that the appellants have failed to carry their required burden of presenting facts sufficient to clearly justify the application of the statute. Since statutes such as these are required to be strictly construed and cautiously applied, the majority holding in my opinion results in judicial enlargement of the statute.
NOTES
[1] "47.16 Service of process upon nonresidents engaging in business in state. 

"(1) The acceptance by any person or persons, individually, or associated together as a copartnership or any other form or type of association, who are residents of any other state or country, and all foreign corporations, and any person who is a resident of the state and who subsequently becomes a nonresident of the state or conceals his whereabouts, of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state, shall be deemed equivalent to an appointment by such persons and foreign corporations of the secretary of state of the state as the agent of such persons or foreign corporations upon whom may be served all lawful process in any action, suit or proceeding against them, or either of them, arising out of any transaction or operation connected with or incidental to such business or business venture, and the acceptance of such privilege shall be signification of the agreement of such persons and foreign corporations that any such process against them or either of them, which is so served shall be of the same legal force and validity as if served personally on such persons or foreign corporations. Service of such process shall be in accordance with and in the same manner as now provided for service of process upon nonresidents under the provision of § 47.30. Provided that if a foreign corporation has a resident agent in the state, service of process shall be had upon such resident agent as now provided by statute.
"(2) Any person, firm or corporation which through brokers, jobbers, wholesalers or distributors sells, consigns, or leases, by any means whatsoever, tangible or intangible personal property, to any person, firm or corporation in this state, shall be conclusively presumed to be operating, conducting, engaging in or carying on a business or business venture in this state."
[2] Crockin v. Boston Store of Ft. Myers, 137 Fla. 853, 188 So. 853 (1939).
[3] Greene v. Greene, 156 Fla. 342, 22 So.2d 792 (1945).
[4] Berkman v. Ann Lewis Shops, 246 F.2d 44 (2d Cir.1957).
[5] Notes 2 and 4, supra; see also James v. Kush, Fla.App. 1963, 157 So.2d 203; Hayes v. Greenwald, Fla.App. 1963, 149 So.2d 586.
[6] 1 Fla.Jur., Agency § 74; Prosser, Torts § 85 (2d Ed. 1959).