220 So.2d 628 (1969)
Gilbert SCUTTI and Ida M. Scutti, His Wife, Appellants,
v.
STATE ROAD DEPARTMENT of Florida, an Agency of the State of Florida, and Palm Beach County, a Political Subdivision of the State of Florida, Appellees.
No. 1527.
District Court of Appeal of Florida. Fourth District.
March 27, 1969.
Robert McK. Foster, Palm Beach, for appellants.
George H. Bailey and John R. Beranek, of Jones, Adams, Paine & Foster, West Palm Beach, for appellees.
OWEN, Judge.
Appeal is taken by the defendants, Gilbert and Ida Scutti, from a final judgment in a condemnation suit brought by petitioners, State Road Department and Palm Beach County. At issue is the validity of the written waiver of damages which was executed by defendants in settlement of a dispute with the county over defendants' alleged violation of setback requirements. The trial court upheld the validity of the waiver. We find that the written waiver was invalid and unenforceable against the *629 defendants, and the judgment is therefore reversed.
By Chapter 29388, Special Acts 1953, the Board of County Commissioners of Palm Beach County was empowered to fix and determine by resolution setback distances and lines from county roads for "buildings and other structures". The board did adopt a resolution in 1957 whereby it sought to fix the setback distances for the construction and erection of "buildings and improvements" from the centerline of Forest Hill Boulevard. The resolution established the minimum setback line for various types of business buildings and for service station pump islands, and then prescribed a category of "other construction including parking areas" in which the setback line was 53 feet. This latter distance coincided with the so-called "ultimate right-of-way" needed for the anticipated widening of Forest Hill Boulevard, the existing right-of-way at that time extending but 33 feet from the centerline.
In 1959 defendants were granted a permit to erect a building on their property, the north side of which fronted on Forest Hill Boulevard. The building was properly constructed under the permit and made ready for occupancy. Defendants then applied to the county for a turnout permit, the application for which showed that defendants expected to pave the area between their building and the existing right-of-way line of Forest Hill Boulevard. The necessary permit was issued following which the paving was completed. Defendants then leased the premises to a physician who in turn applied to the county for a permit to make interior alterations to the premises in order to suit his office requirements. The county refused the permit for alterations because an occupancy permit had not been issued, and then unabashedly denied the request for an occupancy permit on the grounds that the paving [theretofore constructed pursuant to the permit it had issued] was a violation of the county setback requirements. The occupancy permit pertained only to the building, and the building itself was not in violation of any setback requirements nor was it in violation of any other law or regulation.
Defendants were thus caught upon the horns of a dilemma, a situation in which the county was not entirely free from fault. At that time the defendants could have engaged in litigation with the county during the course of which presumably the building would remain unoccupied and defendants would be exposed to a substantial legal liability to their tenant for inability to deliver possession. The equally unpalatable alternative available to the defendants was to seek an immediate solution to the problem by agreeing to such terms as the county might impose. The only condition upon which the county would issue defendants an occupancy permit, thus enabling the defendants to deliver timely possession to their tenant, was the defendants' execution of the written waiver agreement. The agreement provided in substance that if any part of the north 20 feet of the defendants' property should be taken by the county under eminent domain proceedings for the widening of Forest Hill Boulevard, the damages would be limited to the loss of the land only, and would not include consequential or severance damages, the defendants waiving any damages that might be based on any improvements in the north 20 feet of their property.
In 1965 petitioners initiated condemnation proceedings to obtain the needed right-of-way for widening of Forest Hill Boulevard, taking the north 20 feet of defendants' property. During the course of the suit petitioners introduced the waiver as a limitation on defendants' damages. Defendants' challenge to the validity of the waiver was unsuccessful and raises the point involved on this appeal.
A legislative act granting the power to fix setback lines is valid if the act delineates the standards and clearly *630 defines the orbit within which the empowered board shall function in promulgating the regulation.[1] But we do not need to determine in this case the validity of Chapter 29388, Special Acts 1953. Assuming its validity, it granted authority for the county to fix and determine setback distances and lines for buildings and other structures, whereas the resolution adopted by the county sought to fix the setback distances for the construction and the erection of buildings and improvements. To the extent that the resolution attempted to regulate an improvement on the property which was neither a building nor "other structures" it was outside the scope and authority of the legislative act. Paving of a parking area, while clearly an improvement to property, is within neither the category of "buildings" nor that of "other structures".[2] Defendants' surface paving of the parking area therefore was not subject to the setback requirements.
At the time the defendants executed the waiver agreement they were clearly under duress or business compulsion. Of course, there can be no legal duress unless the act of the party compelling obedience of another is unlawful or wrongful[3] nor can there be business compulsion predicated upon a demand which is lawful, or upon or threatening to do that which a party has a legal right to do.[4] Since the setback resolution could not legally pertain to surface paving the county's refusal to issue the occupancy permit was unlawful, and its demand that defendants execute the waiver agreement as a prerequisite to securing the occupancy permit was also unlawful. Thus, the waiver agreement was void and unenforceable as against the defendants.
The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.
CROSS, J., concurs.
McCAIN, J., dissents, with opinion.
McCAIN, J. (dissenting).
I must respectfully dissent.
The agreement in dispute provided in essence that the county would issue an occupancy permit and not enforce a setback resolution against the defendants for a paved parking area and turnouts constructed in violation of the setback requirements, in return for defendants' waiver of their claim to severance damages in any future condemnation of the property.
Condemnation arrived, as did introduction of the waiver as a limitation on defendants' damages. Defendants claimed the waiver was invalid but the trial court held otherwise.
Both sides agree that the validity of the waiver is controlled by the law of contracts. Defendants argue that the setback ordinance is invalid, hence the county's waiver of its requirements cannot be consideration. Therefore, defendants conclude, the waiver agreement fails for lack of consideration. Appellees, on the other hand, contend that the waiver agreement was a compromise of a bona fide dispute and the court cannot now inquire into the merits of the claims of the parties.
At the time the agreement was signed in 1959 defendants had several options *631 open to them. They chose not to challenge the actions of the county or the validity of the setback resolution. Rather they compromised their claims. Defendants seem to concede this but press their contention that if the setback resolution is invalid in fact, then the county's position was ill-founded and the compromise without consideration. I cannot agree. What defendants are seeking is a decision that the validity of the compromise turns on the merits of their contention. This is not permissible. Greene v. Greene, 1945, 156 Fla. 342, 22 So.2d 792.
True if the actions of the county were so patently invalid that it could be said its claim was ill-founded, then defendants' position might be sustained. See 15 Am.Jur.2d, Compromise and Settlement, § 15. Such is not the case here. While the resolution itself made note of the anticipated widening of Forest Hill Boulevard it also stated that the setback was adopted for the interest, health, welfare and safety of the populace. On its face, then, the resolution indicated it was adopted for a legitimate purpose. It is, of course, possible that the resolution was unreasonable and designed as an artifice to avoid paying just compensation. City of Miami v. Romer, Fla. 1954, 73 So.2d 285. Upon this I express no opinion. This was the bona fide dispute resulting in the compromise waiver agreement.
The defendants' other contention, relied on by the majority herein, concludes categorically that a paved parking area, while an improvement, cannot constitute a "building" or "other structure" as contemplated by Chapter 29388, Laws of Florida, Special Acts 1953. This conclusion assumes that the county, when exacting its setback resolution and by using therein the term "building and improvements", intended to expand the legislative intent and meaning. I cannot come to this conclusion as a matter of law, as did the majority.
Albeit, and in cutting directly to the core of the problem, we are faced with determining whether a paved parking area, as an adjunct to a building, can be construed as a building or structure. The majority relies upon Airequipt Manufacturing Co. v. Gardner, Sup. 1962, 235 N.Y.S.2d 610, which I do not find in point. That case simply held that an owner of a vacant lot was entitled to a building permit for construction of a parking area without regard to setback requirements, the same being limited by ordinance to parking connected with buildings. Therein, the court stated: "It is apparent, however, on consideration of the ordinance as a whole, that these provisions were not intended to affect lots used for non-accessory parking or for other purposes which did not involve the erection or alteration of buildings." I fail to see, therefore, where this establishes as a matter of law that a paved parking area cannot be a structure.
More applicable to this issue would be State ex rel. Curators of University of Mo. v. Neill, Mo. 1966, 397 S.W.2d 666, where the curators of the University of Missouri intended to construct certain parking facilities. In treating this cause, the court stated: "The parking facility in question is a structure or improvement which the Curators are authorized to construct * *." This is indicative of a synomymous meaning.
We can also go to Lanier v. Lovett, 1923, 25 Ariz. 54, 213 P. 391, for this admonition: "Of course, there may be a wide difference of meaning in the words `building', `improvement', and `structure'; but we think that would depend upon the context in connection with which they are used * * *."
See also 90 A.L.R.2d 1424 and 23 A.L.R. 2d 937 where wells and fences have both been held to be structures as well as improvements.
In short, I cannot conclude as a matter of law upon the record before me that legislative intent precluded surface paving as a proper subject for treatment by the setback resolution.
*632 Accordingly, the posture of the case on this point remains the same, that is, whether the actions of the county were patently invalid.
No patent defect appears, the parties were in a bona fide dispute which resulted in the compromise waiver agreement, and we should not now contemplate the merits of a collateral attack on the resolution.
I would therefore affirm the judgment appealed.
NOTES
[1] Mayer v. Dade County, Fla. 1955, 82 So.2d 513.
[2] Airequipt Manufacturing Co. v. Gardner, Sup. 1962, 235 N.Y.S.2d 610.
[3] Fuller v. Roberts, 1895, 35 Fla. 110, 17 So. 359; Corporation Peruana de Aeropuertos v. Aviacion Comercial v. Boy, Fla.App. 1965, 180 So.2d 503.
[4] Kohen v. H.S. Crocker Co., 5 Cir.1958, 260 F.2d 790; 17A Am.Jur., Duress and Undue Influence, § 7.