342 So.2d 1021 (1977)
The FIRST NATIONAL BANK OF KISSIMMEE, a United States Banking Corporation, Appellant,
v.
C.M. DUNHAM and W.A. Dilbeck, Appellees.
No. 76-1067.
District Court of Appeal of Florida, Fourth District.
February 11, 1977.
*1022 Mary Smith Townsend, Kissimmee, for appellant.
C. Shelby Dale, Fort Lauderdale, for appellee Dilbeck.
DOWNEY, Judge.
We have for review a final judgment dismissing one of two defendants from the cause for lack of jurisdiction.
On May 10, 1974, C.M. Dunham and W.A. Dilbeck executed a promissory note to The First National Bank of Kissimmee. Though only Durham was a Florida resident, both men were present at the Bank when the note was executed. When the note became in default, the Bank filed suit and, acting pursuant to a "long arm" statute, Section 48.193, Florida Statutes (1973), served Dilbeck in accordance with Section 48.194, Florida Statutes (1973). Dilbeck moved to quash the service of process upon him and supported the motion with an affidavit stating that he was at all pertinent times a resident of the State of Indiana, so that the trial court did not have jurisdiction over his person. The motion was granted and this appeal followed.
The Bank contends that Dilbeck was subject to the jurisdiction on at least one of the following two theories. First, Dilbeck's act of signing the note constituted engaging in a business or a business venture, within the meaning of Section 48.193(1)(a). Second, Dilbeck's failure to repay the note was a breach of contract within the meaning of Section 48.193(1)(g).
In response to the Bank's first theory, Dilbeck relies upon Odell v. Signer, 169 So.2d 851 (Fla. 3rd DCA 1964), to support the trial court's decision, pointing to the statement therein to the effect that the mere signing of a promissory note and defense of a lawsuit thereon are not sufficient acts, in and of themselves, to constitute carrying on or engaging in a business or business venture so as to enable Florida courts to obtain personal jurisdiction over non-residents by service of process under Section 47.16, Florida Statutes (1963) (now Section 48.161, Florida Statutes (1973)). Dilbeck did not respond to the Bank's second theory.
We reverse the judgment under review on the ground that the Bank's second theory is a correct statement of the law as it applies to the facts of this case.
It should be noted that the holding in the Odell case involves a long arm statute that is different from the one involved in the present case. The latter statute was enacted nine years after the Odell decision was rendered.
In 1973 the Legislature enacted Chapter 73-179, Laws of Florida, which added to the reach of the "long arm" statutes any person "Breach[ing] a contract in this state by failing to perform acts required by the contract to be performed in this state." In the case at bar we have a purported breach of contract in this state by Dilbeck's alleged failure to pay the promissory note to the Bank at Kissimmee, Florida. Feldman v. Southeast Bank of Dadeland, 323 So.2d 628 (Fla. 3rd DCA 1975). The note does not mention the place of payment so it is payable at the residence of the payee. See, e.g., Florida Forms, Inc. v. Barkett Computer Serv., Inc., 311 So.2d 730 (Fla. 4th DCA 1975).
Dilbeck was subject to the jurisdiction of the courts of this state under Section 48.193(1)(g), Florida Statutes (1973), and the judgment quashing service of process was erroneous. Accordingly the judgment appealed *1023 from is reversed, and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
MAGER C.J., and ALDERMAN, J., concur.