428 So.2d 348 (1983)
EXCEL HANDBAG COMPANY, INC., Appellant/Cross-Appellee,
v.
EDISON BROTHERS STORES, INC., Julian Edison, Eric Newman and Herbert Robinson, Appellees/Cross-Appellants.
Nos. 81-1385, 81-1525.
District Court of Appeal of Florida, Third District.
March 22, 1983.
*349 Smith & Mandler and Patricia M. Silver, Miami Beach, for appellant/cross-appellee.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Curtis Carlson, Pyszka & Kessler and William M. Douberley, Greene & Cooper and Sharon L. Wolfe, Miami, for appellees/cross-appellants.
Before NESBITT, BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
This appeal is taken from an order of the trial court which dismissed with prejudice, for failure to state a cause of action, all three counts of a complaint. By cross-appeal, the individual defendants contend that the trial court should also have bottomed the dismissal on jurisdictional grounds.
On July 22, 1970, appellant, EXCEL, manufacturer of handbags, sued EDISON BROTHERS in federal court for breach of contract, seeking compensatory and punitive damages. EDISON BROTHERS defended and counterclaimed for commercial bribery. The court directed a verdict against EXCEL on the punitive damages claim, and the jury found compensatory damages for EXCEL in "an amount in excess of $100,000." The jury also rejected EDISON's counterclaim for commercial bribery. Both parties appealed.
The federal appeals court affirmed the damage award and further held that there should have been a directed verdict for EXCEL on the defense of commercial bribery. It also reversed the directed verdict on the punitive damages claim, holding that it presented a jury question. 630 F.2d 379 (5th Cir.1980).
On April 19, 1978, EXCEL brought this action in the Circuit Court of Dade County against EDISON BROTHERS, its president, EDISON, its vice-president and general counsel, NEWMAN, and its attorney, ROBINSON, who practices law in the State of New York. In the complaint it is alleged that EDISON BROTHERS, by and through its officers, maliciously and willfully counterclaimed in the federal action with intent to ostracize, discredit, and injure the reputation of EXCEL. As to the individual defendants, it is further alleged that they plotted, schemed and conspired to destroy EXCEL's business and its good reputation.
On motions of the individual defendants, the trial court dismissed Count I for failure to state a cause of action for malicious *350 prosecution, dismissed Count II for failure to state a cause of action for abuse of process, and dismissed Count III for failure to state a cause of action for conspiracy to injure. The three individuals cross-appealed alleging that the trial court erred in denying their motions to dismiss for lack of personal jurisdiction.
Considering first the cross-appeal, we reverse the trial judge's denial of the motion to dismiss for lack of personal jurisdiction over the individual defendants, EDISON, NEWMAN and ROBINSON. While a corporation itself may be subject to jurisdiction when it transacts business through its agents operating in the forum state, unless those agents transact business on their own account in the state, as opposed to engaging in business as representatives of the corporation, they are not engaged in business so as to be individually subject to the state's long-arm statute. Sec. 48.193(1)(a), Fla. Stat. (1981);[1]Bloom v. A.H. Pond Co., Inc., 519 F. Supp. 1162 (S.D.Fla. 1981); Bank of Wessington v. Winters Government Securities Corp., 361 So.2d 757 (Fla. 4th DCA 1978). Appellant's reliance on Odell v. Signer, 169 So.2d 851 (Fla. 3d DCA 1964), is misplaced since it is clear from the complaint that the individual defendants in the instant case, in conducting the business of EDISON, unlike the defendants in Odell, acted only in their corporate positions and not in their individual capacities. The federal court counterclaim, which is the basis for this action, was filed by the corporation, allegedly in retaliation for EXCEL's breach of contract action against the corporation. Jurisdiction over the absent corporate agents may not be predicated on a tort committed in this state, where the tort is one which could have been committed only by the corporation.[2]See Bloom v. A.H. Pond Co., Inc., 519 F. Supp. at 1171, n. 8.
We hold that cross/appellee failed to plead facts sufficient to justify application of the long-arm statute to the individual cross/appellants. We need not, therefore, address the other issues raised by the appeal.
Reversed and remanded with instructions to dismiss the complaint as to the individual defendants.
NOTES
[1] Section 48.193, Fla. Stat. (1981) provides in part:

Acts subjecting persons to jurisdiction of courts of state. 
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person ... to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
(a) Operates, conducts, engages in, or carries on a business or business venture in this state or has an office or agency in this state.
(b) Commits a tortious act within this state.
[2] See n. 1.