THOMPSON, Judge.
This is an interlocutory appeal from an order denying Sanders’s motion to quash for lack of jurisdiction over his person. Sanders, a defendant below, contends that under no section of Chapter 48, Florida Statutes has appellee Ludwig, the plaintiff below, obtained personal jurisdiction over him and that the trial judge erred in denying his motion to quash the service of process. We agree and reverse.
Ludwig was injured when a truck in which he was a passenger overturned in Jacksonville, Florida. The truck was owned by Gay Trucking Company, a Georgia corporation, and was driven by Meiser, Gay’s employee. Ludwig initially sued Gay, Gay’s insurer, and Meiser. In a second amended complaint Sanders was also named as a defendant and service on him was sought through Florida’s long-arm statute, Chapter 48, Florida Statutes. Sanders filed a motion to quash the service on him and a supporting affidavit in which he swore, regarding the applicable period, the following: he did not own real property in Florida; he had not conducted business in Florida except as an employee of Gay Trucking Company; he was a resident of Georgia and was not a resident of Florida during that period; he had not accepted the privilege extended by the laws of Florida to nonresidents and others to operate, conduct, engage in or carry on a business or business venture in Florida; he did not have an office or agency in Florida; he had never been the operator or owner of the tractor and trailer involved in the accident out of which the Ludwig suit arose; and he was not a resident of Florida who became a nonresident or concealed his whereabouts.
The lower court denied the motion to quash and Sanders appeals, contending that Ludwig could not obtain personal jurisdiction over him pursuant to §§ 48.-171, .181, or .193, Fla.Stat. Ludwig apparently does not seriously contend that service was properly obtained under §§ 48.181 and .193 but does contend that Sanders was amenable to service of process and a proper predicate was laid in the second amended complaint for service under § 48.171. Section 48.171 provides in part as follows:
Any nonresident of this state, being the operator or owner of any motor vehicle, who accepts the privilege ... of operating a motor vehicle or of having it operated, or of permitting any motor vehicle owned, or leased, or controlled by him to be operated with his knowledge, permission, acquiescence or consent, within the state, ... by the acceptance or licensure and by the operation of the motor vehicle, either in person, or by or through his servants, agents, or employees, or by persons with his knowledge, acquiescence and consent within the state constitutes the Secretary of State his agent for the service of process_
(emphasis added)
The uncontroverted affidavit of Sanders reflects that he was not the operator or owner of the vehicle involved in the accident. He was merely an officer of the defendant corporation that owned the tractor-trailer involved in the accident. Although the nonresident corporate owner of the tractor-trailer is subject to jurisdiction and service under the provisions of § 48.171, an individual who is neither the owner nor the operator of the vehicle but who is only a corporate officer of the nonresident corporate owner is not subject to service under § 48.171.
The trial court in its order denying Sanders’s motion to quash also relied on § 48.-193 in addition to § 48.171. However, in view of Sanders’s uncontroverted affidavit that he had not conducted any business in Florida, except as an employee of Gay Trucking Company, and that he had not accepted the privilege extended by the laws of Florida to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in Florida, *316 Sanders as an individual is not subject to service of process under that section or § 48.181. See Excel Handbag Co., Inc. v. Edison Brothers Stores, Inc., 428 So.2d 348 (Fla. 3d DCA 1983).
The order denying the motion to quash is REVERSED with instructions to enter an order dismissing the second amended complaint as to the defendant Sanders because of lack of personal jurisdiction over him.
ERVIN, C.J., and NIMMONS, J., concur.