HENDRY, Judge.
This is an appeal by Lydia Burke, putative wife and widow of Ernest Burke, de *945 ceased, for a review of orders of the Circuit Court, Probate Division, denying her petition to set aside homestead and granting the petition of appellee, Samuel Burke, to revoke letters of administration previously granted to appellant in proceedings in re the estate of Ernest Burke, deceased.
The proceedings in the probate court were begun by the appellant upon the assumption that she was the common law wife of the deceased, Ernest Burke, since they had cohabited together from 1965 to the date of his death in 1981, and had held themselves out to be husband and wife for this entire time.
There is no question, however, that Ernest Burke was legally married to Ola Allen Burke at the time he began to cohabit with Lydia Burke, and he continued to be the lawful husband of Ola until their ceremonial marriage was dissolved on August 17, 1971 by final judgment of the Circuit Court in and for Dade County, Florida.
It is appellant’s contention on appeal that the trial court erred in denying her petition to set aside homestead for her benefit and in granting the petition of Samuel Burke to revoke letters of administration granted to appellant. We disagree and affirm.
The prior valid marriage of Ernest to Ola Allen Burke made it impossible for Lydia and Ernest to establish a common law marriage as long as the valid marriage existed. Porter v. La Fe, 68 So.2d 602 (Fla.1953); Greene v. Greene, 156 Fla. 342, 22 So.2d 792 (1945). Additionally, the fact that Lydia and Ernest continued to live together and hold themselves out as husband and wife after Ernest and Ola dissolved their marriage served no purpose in establishing a common law marriage between them because in 1967, the State of Florida enacted section 741.211, Florida Statutes (1967), which abolished common law marriages as of January 1, 1968. Cf. In Re Estate of Suggs, 405 So.2d 1360 (Fla. 5th DCA 1981).
For these reasons, the orders appealed are affirmed.
Affirmed.