**In re Carol PERRY, Witness Before the Grand Jury 86–3(FL).**

**No. FGJ 86–3(FL).**

United States District Court, S.D. Florida, N.D.

Jan. 6, 1987.

Frederick Graves, Ft. Lauderdale, Fla., for Perry.

Robert Lipman, Asst. U.S. Atty., Ft. Lauderdale, Fla., for U.S.

## ORDER

ZLOCH, District Judge.

THIS MATTER came on for hearing before the Court on November 14, 1986 upon the Government's Motion to Compel Testimony.

The Government has moved to compel the testimony of Carol Perry before a Grand Jury which is investigating criminal charges against Richard Brainard in a separate and pending criminal proceeding. Ms. Perry has initially refused to testify, claiming the marital privilege not to testify against one's spouse with respect to Mr. Brainard. The Government argues that said privilege is not available to Ms. Perry as a matter of law.

Evidence proffered on behalf of Ms. Perry shows that she and Mr. Brainard have lived together since 1970 and that Ms. Perry has used the surname, Brainard, during that time period. Ms. Perry and Mr. Brainard have regularly filed joint income tax returns. It was further proffered that the two individuals consider themselves to be married to one another, and have acted accordingly for the time they have been living together.

Counsel for the Witness conceded that, pursuant to Florida Statutes, Section 741.-211, Florida does not recognize as valid any common law marriage entered into after 1968, but argued that Ms. Perry and Mr. Brainard had lived in other states which did recognize common law marriages as valid.

Counsel for the Government argued that no marital privilege was available to Ms. Perry since, according to Florida law (the state of domicile), she is not legally married to Mr. Brainard. It was further proffered that Ms. Perry and Mr. Brainard had been living together since 1970, and had been living in Florida since 1973. Additionally, the Government proffered evidence that Mr. Brainard had been legally married to a third party, Beatrice Brainard, until at least 1971 as evidence that he was legally incapable of entering into a common law marriage prior to 1968.

The Court, having carefully considered the merits of the Government's Motion to Compel Testimony, having heard argument of able counsel of record and being otherwise fully advised in the premises, makes the following findings.

The determination of who may successfully invoke the marital privilege is made pursuant to the laws of the state of domicile. *United States v. Panetta,* 436 F.Supp. 114, 125 (E.D.Pa.1977). Accordingly, Florida law determines the question of who is a spouse for purposes of the applicability of the marital privilege in the above-styled proceedings.

Florida recognizes no common law marriages entered into after January 1, 1968. Florida Statutes, Section 741.211. Due to the existence of a valid marriage to a third party until at least 1971, Richard Brainard was legally incapable of entering into a common law marriage prior to January 1, 1968. *Burke v. Burke,* 447 So.2d 944, 945 (Fla. 3rd DCA 1984).

Even if Richard Brainard had not been married to a third party until at least 1971, the evidence and testimony proffered by both parties to the above-styled proceedings is uncontroverted that Mr. Brainard and Ms. Perry did not begin living together until 1970. Florida does not recognize common law marriages entered into after January 1, 1968. Since Florida is that state of domicile for the parties to the alleged common law marriage, it is Florida law which controls the question of who may invoke

the marital privilege. *United States v. Panetta, supra.* Accordingly, this Court finds no basis for the assertion of the marital privilege by Carol Perry in the above-styled proceedings, and it is

ORDERED AND ADJUDGED that the Government's Motion to Compel Testimony be and the same is hereby GRANTED, and Carol Perry shall provide testimony to the Grand Jury on November 18, 1986 regarding Richard Brainard without benefit of the marital privilege.