ABL–USA ENTERPRISES, INC., a Florida corporation, Plaintiff,

v.

HAWK AVIATION, LTD., Clayburn Developments, Ltd., and Irish corporation, and Michael Nesterenko, Defendants.

No. 97–2681–CIV.

United States District Court, S.D. Florida.

April 2, 1998.

Jay Gayoso, Miami, FL, for Plaintiff.

Jill A. Cook, Miami, Fred Perkins, New York City, for Defendants.

### ORDER DENYING DEFENDANTS' MOTION TO DISMISS

JAMES LAWRENCE KING, District Judge.

THIS CAUSE Comes before the Court on Defendants ABL–USA ("ABL") and Michael Nesterenko's ("Nesterenko") Motion to Dismiss, filed November 18, 1997. Plaintiff filed a response on January 12, 1998, and Defendants filed a reply on February 6, 1998.

#### Factual Background

This case arises from a dispute over the assignment of rights under an agreement between Clayburn Developments, Ltd. ("Clayburn") and Hawk Aviation, Ltd. ("Hawk") for the purchase of a thrust reverser. ABL claims that it purchased all rights and interests under that agreement, while Clayburn asserts that it has an interest in the thrust reverser, which is currently being held by Hawk. In addition, ABL alleges that Clayburn owes it payments pursuant to a contract for the sale of two Pratt & Whitney engines. Finally, ABL alleges that Michael Nesterenko, an officer of Clayburn, tortiously interfered with the business relationship between ABL and Hawk for his own personal gain.

On May 9, 1997, Clayburn brought an unrelated suit against Swee–Lin Novena in the Supreme Court of New York. The Complaint set forth various fraud claims, based on alle-

gations that Ms. Novena's deceased husband had mishandled a mortgage. On July 15, 1997, ABL filed the instant Complaint against Defendants in Dade County Circuit Court, alleging: (1) breach of contract against Hawk; (2) breach of contract against Clayburn on the thrust reverser contract; (3) tortious interference against Michael Nesterenko; and (4) breach of contract against Clayburn on the engine contract. On August 15, 1997, Clayburn filed an Amended Complaint in the New York suit, naming Myron Budnick, president of ABL, as a defendant. Clayburn now moves to dismiss on the ground that this Court should abstain from hearing the instant case because of the pendency of the New York suit. Nesterenko, a resident of France, moves to dismiss on the ground that this Court lacks personal jurisdiction over him.

### Legal Standard

Dismissal is justified only when " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Hartford Fire Ins. Co. v. California,* 509 U.S. 764, 810, 113 S.Ct. 2891, 125 L.Ed.2d 612 (1993) (quoting *McLain v. Real Estate Bd. of New Orleans, Inc.,* 444 U.S. 232, 246, 100 S.Ct. 502, 62 L.Ed.2d 441 (1980)). For the purpose of the motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir.1993).

### Discussion

**A. Abstention**

In the seminal case of *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 813, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), the Supreme Court laid out a framework for when federal district courts could "decline to exercise or postpone the exercise of its jurisdiction." This Court is mindful that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule" and that it is an "extraordinary and narrow exception." *Id. Colorado River* and its progeny set forth six factors that the district court may analyze in determining whether abstention is appropriate: (1) whether one of the courts has retained jurisdiction over property; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law will be applied; and (6) the adequacy of the state court to protect the parties' rights. *Id.* at 818, 96 S.Ct. 1236; *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765, (1983).

After a review of all the relevant factors, the Court declines to abstain from exercising jurisdiction over this case. First, neither this Court nor the New York Supreme Court is in possession of property. Second, this federal forum is not inconvenient. The Court notes that Defendants petitioned for removal to federal district court. While Nesterenko claims that New York is easier to travel to from France than Miami, the Court finds that the difference in convenience is, at most, de minimis. Third, the threat of piecemeal litigation is not great. Although there may be some overlapping issues, the New York action contains different parties and different issues from this action. In fact, neither Hawk nor ABL are involved in the New York action. The only identical party is Clayburn. While Myron Budnick may be involved in this action, he is not named as a defendant. Fourth, the New York action cannot fairly be characterized as predating the instant action. Although it is true that the New York action was filed first, Clayburn did not join Myron Budnick as a defendant or raise the issue of the thrust reverser until approximately one month after ABL filed the instant Complaint. Fifth, the contracts at issue in this case are governed by Florida law. The Supreme Court of New York is in no better position to interpret Florida law than is this Court, and, again, Defendants removed this case from Florida court to federal district court. Finally, the Court observes that the New York Supreme Court cannot adequately protect ABL and Hawk's rights, as neither are a party to the

New York suit. The Court concludes, therefore, that abstention is not warranted.

### B. Personal Jurisdiction.

■ A federal court sitting in diversity may assert jurisdiction over a non-resident defendant only to the extent permitted by the long-arm statute of the forum state, and only if the exercise of jurisdiction comports with the requirements of the Due Process Clause of the Fourteenth Amendment. *Morris v. SSE, Inc.,* 843 F.2d 489, 492 n. 3 (11th Cir.1988) (citations omitted).

■ This Court must conduct a two-step analysis to determine whether it may exercise personal jurisdiction over a non-resident defendant. *Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir.1990); *Cable/Home Communication Corp. v. Network Productions, Inc.,* 902 F.2d 829, 855 (11th Cir.1990). First the Court must address the issue of whether it may obtain personal jurisdiction over the defendant pursuant to Florida's long-arm statute. *Madara,* 916 F.2d at 1514. If a basis exists for asserting personal jurisdiction under the state statute, the Court next must inquire whether the constitutional standards of due process have been met. *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Madara,* 916 F.2d at 1514; *Cable/Home Communication,* 902 F.2d at 855. Both prongs of this analysis must be met in order for this Court to exercise jurisdiction over a nonresident defendant. *Madara,* 916 F.2d at 1514.

■ Defendants assert, and Plaintiff does not dispute, that Plaintiff's tortious interference claim against Nesterenko is based on alleged telephone calls from Nesterenko to Hawk which interfered with the business relations between Hawk and ABL. Defendants first contend that these actions do not fall within Florida's long-arm statute because Nesterenko was acting in his corporate capacity for Clayburn and not acting individually. *See Sculptchair, Inc. v. Century Arts, Ltd.,* 94 F.3d 623, 629 (11th Cir.1996) ("While a corporation itself may be subject to jurisdiction when it transacts business through its agents operating in the forum state, unless those agents transact business on their own account in the state, as opposed to engaging in business as representatives of the corporation, they are not engaged in business so as to be individually subject to the state's long-arm statute.") (quoting *Excel Handbag Co. v. Edison Brothers Stores,* 428 So.2d 348, 350 (Fla.Ct.App.1983)). Defendant presents an affidavit in which Nesterenko states that he was acting in his corporate capacity. Plaintiff counters with evidence that Nesterenko was acting individually when he committed the alleged tort. The Court finds that Plaintiff has made sufficient allegations and proffered sufficient evidence to show that Nesterenko acted in his individual capacity. Viewing the allegations in the light most favorable to Plaintiff, the Court will not dismiss Nesterenko on the ground that he acted in his corporate capacity.

Defendants argue next that Nesterenko's telephone calls to Florida are not enough to establish jurisdiction in Florida. Plaintiffs counter that Nesterenko committed a tortious act within the state of Florida, sufficient to confer long-arm jurisdiction pursuant to § 48.193(1)(b). While the Court agrees that mere phone calls are generally not enough to confer long-arm jurisdiction, in this case, the alleged tort was accomplished by virtue of those phone calls to Florida. *See Norris v. Davis,* 958 F.Supp. 606 (S.D.Fla.1997) (finding jurisdiction proper where defamation was accomplished by virtue of telephone calls).

■ Finally, the Court finds that asserting personal jurisdiction would not offend due process. Defendant must have "minimum contacts" with the forum state, "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe,* 326 U.S. at 316, 66 S.Ct. 154 (citations omitted). Accepting Plaintiff's allegations as true, Nesterenko, in his personal capacity, purposefully undertook a course of conduct to tortiously interfere with a business relationship in Florida. He accomplished the interference through telephone calls to Florida. These activities are enough to give Nesterenko fair warning that he might be hailed into court in Florida. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Moreover, fair play dic-

tates that this Court assert personal jurisdiction over Defendant. Failing to assert jurisdiction would require Plaintiff to bring its cause of action in France, where none of the contractual obligations arose, where no injury occurred, and where there is no American tort of interference with business relations.

### Conclusion

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED, ADJUDGED, and DECREED that Defendants' Motion to Dismiss be, and the same is hereby, DENIED.