473 So.2d 36 (1985)
W.R. EDWARDS, Jr. and Diane D. Edwards, Appellants,
v.
GEOSOURCE, INC., Appellee.
No. BE-459.
District Court of Appeal of Florida, First District.
July 30, 1985.
*37 Robert R. McDonald of Roberts, Baggett, LaFace and Richard, Tallahassee, for appellants.
Stephen F. Bolton of Moore, Hill, and Westmoreland, Pensacola, for appellee.
BARFIELD, Judge.
W.R. Edwards, Jr. and Diane D. Edwards appeal from a nonfinal order denying their motion to dismiss for lack of personal jurisdiction. Plaintiff sought jurisdiction over defendants under section 48.193, Florida Statutes (1983), by alleging that they "were conducting, engaging in and carrying on a business or business venture in this state with an office or agency in this state. This action arises out of the acts of Edwards pursuant to his (her) involvement with such business venture in the State of Florida." We reverse and find that the actions of these appellants did not constitute sufficient "minimum contacts" with the State of Florida to give them reasonable notice that they might be hauled into court in Florida and to meet the test of International Shoe Company v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).
These defendants, in Texas, signed a promissory note as guarantors of an obligation of a Florida corporation. W.R. Edwards, Jr. was a stockholder of the Florida corporation. It is questionable from the record whether Diane D. Edwards was an owner of any interest in the corporation through the interest of her husband, W.R. Edwards, Jr. There is some evidence that W.R. Edwards, Jr. may have been involved in decisions concerning financial matters for the corporation, but there is no indication that any of those matters were even discussed in the State of Florida.
Signing a promissory obligation, in and of itself, is insufficient contact to confer personal jurisdiction. Odell v. Signer, 169 So.2d 851 (Fla. 3d DCA 1964). There is no evidence of corporate actions within the State of Florida which could be imputed to these defendants so as to bring them within the personal jurisdiction of the state. Odell v. Signer, 169 So.2d at 853. The mere ownership of stock in a Florida corporation, coupled with the execution of a promissory note to purchase the stock, would be insufficient contact. Uible v. Landstreet, 392 F.2d 467 (5th Cir.1968).
REVERSED.
BOOTH, C.J., and WIGGINTON, J., concur.