689 So.2d 1222 (1997)
QUALITY CHRISTMAS TREES CO., INC., etc., Appellant,
v.
FLORICO FOLIAGE, INC., Appellee.
No. 96-1786.
District Court of Appeal of Florida, Fifth District.
March 14, 1997.
Robert Lamar Bell, Miami, for Appellant.
Victor A. Diaz and Michael W.O. Holihan of Holihan & Diaz, P.A., Maitland, for Appellee.
ANTOON, Judge.
Quality Christmas Tree Co., Inc., (Quality), a Texas corporation, appeals the trial court's *1223 order denying its motion to dismiss for lack of jurisdiction. We reverse.[1]
In determining whether jurisdiction exists over a nonresident defendant under section 48.193(1), Florida Statutes (1995), Florida's long-arm statute, two requirements must be met. First, the complaint must allege sufficient jurisdictional facts to bring the action within the purview of the statute. Second, assuming the first requirement has been met, the defendant must possess sufficient minimum contacts with Florida so as to satisfy the due process requirements of the United States Constitution. Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989); Hewitt v. Taffee, 673 So.2d 929, 932 (Fla. 5th DCA 1996).
A plaintiff may initially seek to obtain jurisdiction over a nonresident defendant by pleading the statutory basis for long-arm jurisdiction in the complaint. Venetian Salami, 554 So.2d at 502. The defendant may challenge the legal sufficiency of the complaint by filing a motion to dismiss the complaint alleging lack of personal jurisdiction. Grogan v. Archer, 669 So.2d 289 (Fla. 5th DCA 1996). In doing so, the defendant may contest the jurisdictional allegations of the complaint or claim a lack of sufficient minimum contacts. Such challenges must be made by supporting affidavit. Once such affidavits are filed, the burden shifts to the plaintiff to establish by affidavit its basis for jurisdiction. Venetian Salami, 554 So.2d at 502.
In the instant case, Florico Foliage, Inc., (Florico), a Florida corporation, filed an unsworn complaint against Quality for breach of contract. The complaint alleged that Quality had agreed to purchase 5,915 hibiscus plants from Florico for $19,075. Florico shipped the plants to Texas but Quality failed to pay the agreed upon purchase price. In its complaint, Florico alleged jurisdiction under section 48.193(1)(g), Florida Statutes (1995),[2] stating that Quality failed to make payment in Florida as required by the contract. The breach of a contract calling for payment in Florida qualifies as an enumerated jurisdictional act under the statute. See Unger v. Publisher Entry Service, Inc., 513 So.2d 674 (Fla. 5th DCA 1987), rev. denied, 520 So.2d 586 (Fla.1988). This allegation was not refuted by the affidavits filed by Quality, and therefore, this allegation was sufficient to bring the action within the ambit of our long-arm statute.
However, as noted above, the inquiry does not end here. The affidavit of Quality's president asserts that Quality lacks minimum contacts with Florida. Specifically, the affidavit asserts that (1) Quality does not conduct business in Florida; (2) Quality did not engage in any business activity in Florida; (3) a Florico salesperson contacted Quality by telephone in Houston, Texas; (4) all negotiations between Quality and Florico were conducted by telephone; (5) "[u]pon arrival of the product from Florico, an inspection was made;" (6) "[n]one of the product shipped by Florico" conformed to the order; and (7) Quality sent Florico a letter of nonconforming goods. Florico did not counter this affidavit.
The underlying test for sufficiency of minimum contacts is whether maintenance of the suit offends "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945). There is no talismanic test for the sufficiency of minimum contacts. "The facts of each case must [always] be weighed in determining whether personal jurisdiction would comport with fair play and substantial justice." Venetian Salami Co. v. Parthenais, 554 *1224 So.2d 499 (Fla.1989) (quoting Kulko v. Superior Court of California, 436 U.S. [84], 92, 98 S.Ct. [1690] at 1696-1697, 56 L.Ed.2d 132 (1978)). The minimum contacts requirement is not satisfied by a mere showing that a Florida party entered into a contract with an out-of-state party. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Likewise, a complaint alleging that the act of payment was to be performed in Florida is not sufficient to meet the minimum contacts requirement. See Am Sampling, Inc. v. White Laboratories, Inc., 564 So.2d 590 (5th DCA 1990). Therefore, standing alone, Florico's allegation that Quality failed to make payment in Florida is insufficient to satisfy the constitutional requirement of minimum contacts.
In the absence of an affidavit from Florico, we are left with the unrefuted allegation in the complaint that payment was to be made in Florida and the allegations contained in Quality's affidavit.[3] According to that affidavit, the only contact Quality had with Florico was to answer Florico's solicitation, to receive shipment from Florico, and to send notice that the product was nonconforming. These actions do not satisfy the due process requirements for long-arm jurisdiction. Accordingly, the trial court erred in denying Quality's motion to dismiss for lack of jurisdiction.
REVERSED and REMANDED.
PETERSON, C.J., and GRIFFIN, J., concur.
NOTES
[1] Jurisdiction is proper pursuant to Florida Rules of Appellate Procedure 9.130(a)(3)(C)(1).
[2] Section 48.193 enumerates certain actions which will subject nonresident defendants to jurisdiction in Florida courts. The statute provides, in part:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her person representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
* * * * * *
(g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.
[3] Florico argues that telephone calls were made from Quality to Florico, but this assertion was not contained in the complaint or an affidavit.