729 So.2d 453 (1999)
DESAI PATEL SHARMA, LTD, etc., et al., Appellants,
v.
DON BELL INDUSTRIES, INC., etc., Appellees.
No. 98-3328.
District Court of Appeal of Florida, Fifth District.
March 12, 1999.
Rehearing Denied April 19, 1999.
*454 Jerome D. Mitchell of Riggio & Mitchell, P.A., Daytona Beach, for Appellants.
Barry E. Hughes, South Daytona, for Appellees.
HARRIS, J.
The issue in this case is whether Don Bell Industries, Inc. (Bell) can maintain an action in Florida on a lease of an advertising sign located in Mississippi, which lease contains a clause selecting Florida as the venue state. The Mississippi lessee, Desai Patel Sharma, Ltd. (Sharma) had no minimum contacts with Florida unless failing to make the lease payments in Florida satisfies this requirement.
Bell concedes that the failure to pay money due in Florida is not itself sufficient to meet the minimum contacts requirements needed to subject a nonresident to Florida's in personam jurisdiction. It urges, however, that the failure to so pay a debt due in Florida coupled with a Florida venue selection clause in the lease is sufficient. We so held in Vacation Ventures Inc. v. Holiday Promotions, Inc., 687 So.2d 286 (Fla. 5th DCA 1997).
Personal jurisdiction, unlike subject matter jurisdiction, may be conferred by agreement. See for example, Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 n. 14, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985):
We have noted that, because the personal jurisdiction requirement is a waivable right, there are a "variety of legal arrangements" by which a litigant may give "express or implied consent to the personal jurisdiction of the court." (citation omitted). For example, particularly in the commercial context, parties frequently stipulate in advance to submit their controversies for resolution within a particular jurisdiction. (citation omitted). When such forum-selection provisions have been obtained through "freely negotiated" agreements and are not "unreasonable and unjust," (citation omitted) their enforcement does not offend due process.
Federal courts and most state courts have held that a choice of forum clause is sufficient in itself to waive the requirement for minimum contacts and to submit the nonresident to the jurisdiction of the forum state. See Voicelink Data Services, Inc. v. Datapulse, Inc., 86 Wash.App. 613, 937 P.2d 1158 (1997). However, Florida has held that in addition to the forum clause, there must be some independent basis for state jurisdiction in order to bring a nonresident into our courts. McRae v. J.D./M.D., Inc., 511 So.2d 540 (Fla.1987). The additional basis in this case is Sharma's breach of contract in Florida by failing to make the required payments here.
Because compliance with both our long arm statute and the due process clause have been met, we affirm the trial court's order upholding jurisdiction.
AFFIRMED.
GRIFFIN, C.J., and PETERSON, J., concur.