PER CURIAM.
Elena Salame Buto (“Buto”) appeals an order dismissing her complaint against Sirius International Insurance Company (“Sirius”) for lack of personal jurisdiction. We reverse.
Buto, a resident of Honduras, became ill while visiting in Miami, Florida, and incurred medical expenses for treatment during hospitalization. Buto was insured under a health insurance policy from Sirius, a Swedish company, and filed a claim for her medical expenses. When Sirius failed to pay the expenses, Buto brought suit in Miami, Florida, under the following provision in the Certificate of Insurance which states that any disputes concerning payment of medical costs would be litigated in a United States Court. The provision states:
6. SERVICE OF SUIT — It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, at the request of the *675 Insured Person, will submit to the jurisdiction of a Court of competent jurisdiction within the United States. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company’s rights to commence an action in a court of competent jurisdiction in the United States, to remove an action to a United States District Court, or to seek a transfer of a case to another court as permitted by the laws of the United States or of any state in the United States. In any such suit against the Company upon this agreement, the Company will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.
Sirius responded by filing a motion to dismiss for lack of personal jurisdiction. The trial court dismissed the case, finding that a foreign corporation cannot be subjected to Florida jurisdiction based solely on a contract provision but must have an independent basis for personal jurisdiction to attach. See C.R. McRae v. J.D./M.D., Inc., 511 So.2d 540 (Fla.1987).
An independent basis for personal jurisdiction under the long-arm statute is breaching a contract in this state by failing to perform acts required by a contract. § 48.193(l)(g), Fla. Stat. (2000). Here, Sirius breached its own contract when it failed to pay the medical providers in Florida, where the cause of action accrued. See Alexander Proudfoot Co. World Headquarters L.P., Inc. v. Thayer, 877 F.2d 912 (11th Cir.1989). That was sufficient to subject Sirius to personal jurisdiction in Florida. See Desai Patel Sharma Limited v. Don Bell Ind., Inc., 729 So.2d 453 (Fla. 5th DCA 1999).
Because Sirius contractually waived jurisdiction and breached the contract in Florida, the jurisdiction requirement has been satisfied. Accordingly, we reverse the order dismissing Buto’s complaint.
Reversed.