805 So.2d 1050 (2002)
CHRISTUS ST. JOSEPH'S HEALTH SYSTEMS, Appellant,
v.
WITT BIOMEDICAL CORPORATION, Appellee.
No. 5D01-371.
District Court of Appeal of Florida, Fifth District.
January 18, 2002.
*1052 Michael P. McMahon and Tracey L. Ellerson of Akerman, Senterfitt & Eidson, P.A., Orlando, for Appellant.
J. Scott Gunn of J. Scott Gunn, P.A., Ft. Lauderdale, for Appellee.
THOMPSON, C.J.
Christus St. Joseph's Health Systems appeals a non-final order denying its motion to dismiss for lack of personal jurisdiction.
Witt Biomedical Corporation, a Florida corporation whose principal place of business is in Melbourne Florida, sued Christus in Florida for breach of contract for the latter's failure to pay for medical equipment. Christus is a Texas corporation whose principal place of business is Paris, Texas. In 1998, Christus, which operates a hospital, purchased a physiomonitoring and imaging systems for its hospital from Witt. Christus declared the second system nonconforming and refused to pay for it. Christus contends that the court erred in ruling that it had personal jurisdiction over Christus because Christus did not have the minimum contacts with Florida necessary for a constitutional exercise of jurisdiction by a court of this state.
The determination of jurisdiction involves a two part inquiry. First, it must be determined whether the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of section 48.193, Florida Statutes. Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla. 1989). If the allegations are within the ambit of the statute, it must then be determined whether the exercise of jurisdiction is consistent with due process. Id. In the instant case, Christus concedes jurisdiction under the statute[1], so the issue is whether the exercise of jurisdiction is consistent with due process.
There are two types of personal jurisdiction: general and specific. Substantial or pervasive contacts in the forum state confers general jurisdiction upon that state's courts. deMco Technologies, v. C.S. Engineered Castings, Inc., 769 So.2d 1128 (Fla. 3d DCA 2000). For example, a major corporation with many activities and facilities in a state would expect to be subject to suit there on any claim. Id. On the other hand, specific jurisdiction arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint. Madara v. Hall, 916 F.2d 1510, 1516 n. 7 (11th Cir.1990)(citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 nn. 8 & 9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). In the instant case, the parties do not make the distinction between general and specific jurisdiction, but it seems clear that the more rigorous showing necessary for general jurisdiction has not been met. Cf. Helicopteros Nacionales de Colombia.
The Due Process Clause of the Fourteenth Amendment limits the power of a state court to exert personal jurisdiction over a nonresident defendant. Asahi Metal Industry Co., Ltd. v. Superior Court of California, 480 U.S. 102, 108, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). In Asahi, the Supreme Court set forth the precepts to be applied in determining the jurisdictional question:

*1053 "[T]he constitutional touchstone" of the determination whether an exercise of personal jurisdiction comports with due process "remains whether the defendant purposefully established `minimum contacts' in the forum State." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985), quoting International Shoe Co. v. Washington, 326 U.S. [310], at 316, 66 S.Ct. [154], at 158 [90 L.Ed. 95 (1945)]. Most recently we have reaffirmed the oft-quoted reasoning of Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958) that minimum contacts must have a basis in "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King, 471 U.S., at 475, 105 S.Ct., at 2183. "Jurisdiction is proper ... where the contacts proximately result from actions by the defendant himself that create a `substantial connection' with the forum State." Ibid., quoting McGee v. International Life Insurance Co., 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957) (emphasis in original).
Id. at 108-09, 107 S.Ct. 1026. The requisite minimum contacts exist where "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum. Burger King, 471 U.S. at 479, 105 S.Ct. 2174.
In the instant case, the parties' affidavits establish that after inspecting a Witt system in a Texas hospital, Christus purchased one from Witt in about 1991. Although Witt stresses that only its home office in Florida could approve a price, Christus negotiated only with Witt's Texas agents. In 1998, Christus bought a later-generation system from Witt for use in its hospital. Like the first machine, the second one was delivered to Texas, where Witt's agents trained Christus employees. With respect to the second machine, Christus negotiated only with Witt's Texas agent and discussed its configuration needs only with Witt's Texas agents. When service on the systems was required, Christus called Witt's toll-free help line. Witt serviced the systems through an on-line connection, but for "true hardware failures" Witt provided service on site in Texas. Apparently, the service referred to in Witt's affidavit was performed pursuant to separate service contracts the parties entered.
Thus, the connection between Christus and Florida is that Christus purchased two machines from a Florida-based company, payment was made or to be made in Florida, and, when the software was involved, Witt serviced the machines remotely from Florida.[2] The minimum contacts required by the due process clause is not satisfied by a mere showing that a Florida party entered a contract with an out of state party. Quality Christmas *1054 Trees Co. v. Florico Foliage, Inc., 689 So.2d 1222, 1223 (Fla. 5th DCA 1997). Nor is it satisfied merely because payment must be made in Florida. Id. (citing Burger King, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). Furthermore, an on-line connection coupled with a requirement that payment be made in Florida will not support personal jurisdiction. Pres-Kap, Inc. v. System One, Direct Access, Inc., 636 So.2d 1351 (Fla. 3d DCA 1994).
Witt cites Burger King in support of the trial court's denial of the motion to dismiss. In Burger King, the plaintiff franchisor, located in Florida, sued its Michigan franchisee for breach of contract, and the Court held that the defendant had the requisite minimum contacts with Florida. We think Burger King is inapposite. In Burger King, defendant initiated contact with the plaintiff's Florida headquarters, negotiated with the headquarters, and entered a contract with a Florida choice of law provision. In addition, his partner received training at the headquarters. Importantly, in Burger King the plaintiff and the defendant entered a "carefully structured 20-year relationship that envisioned continuing and wide-ranging contacts" with the plaintiff in Florida. The relationship between the two parties in Burger King was so close that the contract dispute was characterized as a "divorce proceeding among commercial partners." In contrast to the intimate, 20-year relationship described in Burger King, under which the defendant accepted the "longterm and exacting regulation of his business" from the plaintiff's Miami headquarters, the appendix in the instant case merely shows two service agreements of six months duration each, one for each system purchased by Christus. Further, the defendant in Burger King purposely reached out to the plaintiff at its headquarters in Miami, whereas, as pointed out earlier, Christus did not reach out to Witt in Florida.
We think the instant case is more like Pres-Kap. There, the Florida plaintiff operated a computerized airline reservation system. In exchange for a monthly fee, payable in Florida, the plaintiff provided the defendant travel agency, located in New York, computer terminals that allowed the defendant access to the plaintiff's Miami computer base so it could book reservations. The plaintiff's New York office solicited the defendant's business in the defendant's New York office, where the contract was negotiated and signed by the defendant. On appeal, the court reversed the order denying the motion to dismiss for lack of jurisdiction, holding that although the defendant gained financially from the contract, the gain arose from a New York-based transaction rather than a Florida-based transaction.
In the instant case, Christus negotiated and signed the contract in Texas, payment was to be made in Florida, and Christus had an on-line connection to Witt's Florida office. Although Witt did not solicit business from Christus, as did the plaintiff in Pres-Kap, Witt did have agents in Texas. Further, although Christus solicited Witt, it did so in Texas through Witt's Texas agents. Further, the entire focus of the parties was the system in Texas. Although the instant case does not involve a one time transaction as in Quality Christmas Trees, which Christus cites, Pres-Kap was not a one time transaction either.
Accordingly, because we see no "substantial connection" between Christus and Florida, we reverse the order denying the motion to dismiss.
REVERSED.
SHARP, W. and HARRIS, JJ., concur.
NOTES
[1] Christus concedes jurisdiction under subsection 48.193(1)(g), which provides that a person subjects him or herself to the jurisdiction of the courts of this state by "Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state."
[2] The only direct connection to Florida that Christus had was the on-line service provided by Witt pursuant to the service agreements, which were agreements separate from the purchase agreements. We here assume without deciding that specific jurisdiction can be premised on a contract other than, but ancillary to, the contract sued upon. Cf. QSR, Inc. v. Concord Food Festival, Inc., 766 So.2d 271 (Fla. 4th DCA 2000)