826 So.2d 391 (2002)
Doren M. GANIKO, Petitioner,
v.
Willa C. GANIKO, Respondent.
No. 1D01-3960.
District Court of Appeal of Florida, First District.
July 23, 2002.
Rehearing Denied September 23, 2002.
*392 Emmet J. Schwartzman and Amy Lane Hurtwitz of Carlton Fields, P.A., Miami, for petitioner.
Patrick L. Jackson of Chase, Quinnell, McIver, Jackson & Marks, P.A., Pensacola, for respondent.
WOLF, J.
Doren C. Ganiko (petitioner), a non-resident, seeks certiorari review of a circuit court's order affirming a county court's order.[1] Specifically, on appeal from Escambia County Court, the circuit court, First Judicial Circuit, affirmed the denial of petitioner's motion to dismiss entered by the county judge in favor of Willa C. Ganiko (respondent), petitioner's former mother-in-law. Because we find that the circuit court failed to observe the essential requirements of the law by misapplying the correct standard of review and as a result there will be a miscarriage of justice, we decide the question presented by petitioner: Is petitioner subject to the personal jurisdiction of Florida courts? We determine that she is not.

I.
Respondent filed a complaint in Escambia County for claims relating to petitioner's alleged failure to repay three alleged oral loan agreements made over the telephone. The complaint alleges that the plaintiff/respondent was a resident of Pensacola, Florida at all relevant times, but does not allege the residency of the defendant/petitioner. The complaint further alleges that petitioner was in Texas when the loans were made and that the parties *393 agreed that the payments would be made to the plaintiff's residence in Pensacola, Florida.
Defendant responded with a motion to dismiss for lack of jurisdiction and an affidavit of the defendant, Doren M. Ganiko, in support thereof. At the time these loans were allegedly made to petitioner, she was married to respondent's son, Darius Ganiko. The affidavit provides that at all relevant times, petitioner remained a resident of Texas, did not travel to Florida to negotiate the alleged loans, and had no business or personal contacts with Florida (e.g., no property, business, bank accounts, licenses). Although petitioner does not dispute that the loans were made, she does dispute that she expressly agreed to repay the alleged loans in Florida. Respondent filed no affidavit or sworn testimony in opposition to the affidavit prior to the hearing on the motion.
The trial court held a hearing on petitioner's motion to dismiss. During that hearing, over petitioner's objections, the court allowed respondent to offer testimony in opposition to Doren Ganiko's affidavit.[2] Respondent's testimony reiterated the allegations in the complaint that petitioner had borrowed money and agreed to repay respondent in Florida. At the conclusion of the hearing, the trial court held that petitioner had subjected herself to personal jurisdiction in Florida because she borrowed money from a Floridian and payments were to be made in Florida. On appeal, the circuit court affirmed and found, "[T]he trial court did not depart from the essential requirements of law and deprive appellant of any procedural due process safeguards." Petitioner now seeks review of the circuit court's affirmance.

II.
Initially, we must decide whether the certiorari petition requesting this court to review the circuit court's decision falls within the limited scope of certiorari jurisdiction. The standard of review for certiorari for a district court of appeal when it reviews an order of a circuit court acting in its review capacity over a county courtpursuant to Florida Rule of Appellate Procedure 9.030(b)(2)(B)is whether the circuit court afforded procedural due process and applied the correct law. Haines City Community Development v. Heggs, 658 So.2d 523 (Fla.1995); Kaklamanos v. Allstate Ins. Co., 796 So.2d 555, 557 (Fla. 1st DCA 2001)("Only if the circuit court's decision constituted a denial of procedural due process, application of incorrect law, or a miscarriage of justice, do we properly decide the question their petition presents."), review granted, 819 So.2d 132 (Fla.2002).
Here, the circuit court erred in its application of the standard of review for an order denying dismissal for lack of personal jurisdiction. The review of a trial court's determination of the existence or non-existence of personal jurisdiction involves evaluating the same documentary evidence relied on by the trial court and making an independent determination as to the correct principle of law. See Execu-Tech Business Systems, Inc. v. New Oji Paper Co. Ltd., 752 So.2d 582, 584 (Fla.), cert. denied, 531 U.S. 818, 121 S.Ct. 58, 148 L.Ed.2d 25 (2000); Jet Charter Service, Inc. v. Koeck, 907 F.2d 1110, 1112 (11th Cir.1990) (applying Florida test for personal jurisdiction). This is the de novo standard of review. See Philip J. Padavano, Florida Appellate Practice, § 9.1 at 142 (2d ed.1997).
*394 Instead of a de novo review, the circuit court, in its appellate capacity essentially deferred to the trial court's decision without performing an independent personal jurisdiction analysis. This more lenient standard of review caused a departure from the essential requirements of the law, and as explained below, the violation will result in a miscarriage of justice: violation of petitioner's due process rights. Therefore, we reach and decide the merits of the petition because the circuit court's error was sufficiently egregious. See Kaklamanos, 796 So.2d at 558.

III.
Assuming the allegations in the complaint and respondent's testimony at the hearing are true, there is not a proper basis for asserting personal jurisdiction. A two-part inquiry is required to assess whether petitioner, a non-resident, is subject to personal jurisdiction in Florida.[3] First, the court must determine whether the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of Florida's long-arm statute. Venetian Salami, 554 So.2d at 502. If it does, the second inquiry is whether sufficient "minimum contacts" are demonstrated to satisfy due process requirements of fair play and substantial justice. Id. Although respondent's allegations satisfy the first step, they do not satisfy the second step.
First, respondent testified at the hearing that petitioner failed to repay the loan to respondent in Florida as agreed. Petitioner does not deny that payments were to be made in Florida, but she argues via affidavit, that she did not explicitly agree to payment in Florida, and thus, jurisdiction does not lie in Florida. Regardless of whether the parties explicitly or implicitly agreed to payment in Florida, the general rule is that loans are payable at the place of residence of the payee. See First Nat'l Bank of Kissimmee v. Dunham, 342 So.2d 1021 (Fla. 4th DCA 1977). Although not specifically alleged in her complaint, the failure to repay the loans implicates the breach of contract provision in section 48.193(1)(g), Florida Statutes (2000).[4] Thus, the initial step of the personal jurisdiction analysis, bringing the action within the ambit of the long-arm statute, is satisfied.
The trial court (and the circuit court in its reviewing capacity) failed to address the second step of due process which includes fair play, substantial justice, *395 and sufficient minimum contacts. Factors that determine whether due process exists include the foreseeability that the defendant's conduct will result in suit in the forum state and the defendant's purposeful availment of the forum's privileges and protections. See Flight Int'l Aviation Training Ctr., Inc. v. Rivera, 651 So.2d 1265, 1266 (Fla. 1st DCA 1995). Here, respondent's testimony establishes that the only real contact petitioner had with Florida is (a) petitioner, while in Texas, entered into an oral loan agreement with her mother-in-law, a Florida resident; (b) payment was to be made in Florida; and (c) petitioner made some payments in Florida.
Simply contracting with a nonresident is not enough to subject that nonresident to personal jurisdiction. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). It is also not enough to satisfy due process concerns that payment is to be made in the forum state. See Quality Christmas Trees Co., Inc. v. Florico Foliage, Inc., 689 So.2d 1222 (Fla. 5th DCA 1997). Rather, in assessing the sufficiency of the contacts, courts have looked to the degree of control and interaction in the forum state. QSR, Inc. v. Concord Food Festival, Inc., 766 So.2d 271 (Fla. 4th DCA 2000).
Here, the only "control and interaction" with Florida was arguably that petitioner agreed to make payment in Florida, but failed to do so. A number of cases have held that due process requirements are not met in similar circumstances. See e.g., Venetian Salami, 554 So.2d at 503 ("[W]e do not believe that the mere failure to pay money in Florida, standing alone, would suffice to obtain jurisdiction over a nonresident defendant."); Christus St. Joseph's Health Systems v. Witt Biomedical Corp., 805 So.2d 1050 (Fla. 5th DCA 2002)(holding that minimum contacts were not satisfied where connection between defendant and Florida was that defendant purchased two machines from a Florida-based company, payment was made or to be made in Florida, and, when the software was involved, Witt serviced the machines remotely from Florida); Hatcher v. Hatcher, 598 So.2d 214 (Fla. 2d DCA 1992) (finding no minimum contacts where agreement was made in Florida between Alaskan and Floridian where defendant failed to endorse a check and pay plaintiff money in Florida as agreed upon); Pres-Kap, Inc. v. System One, Direct Access, Inc., 636 So.2d 1351 (Fla. 3d DCA 1994) (holding that lessee had insufficient contacts based on an online connection coupled with a requirement that payment be made in Florida).
In Scordilis v. Drobnicki, 443 So.2d 411 (Fla. 4th DCA 1984), the court found a lack of personal jurisdiction in similar circumstances. There, a complaint was filed by a mother-in-law to obtain repayment of four loans made to her son-in-law. Although the son-in-law had spent time in Florida, the court noted that the visit had nothing to do with the events forming the basis of the complaint. There, the court held that the allegation that payment was demanded in Florida failed to demonstrate sufficient minimum contacts between the son-in-law and Florida for personal jurisdiction. Id. at 413.
Similarly, in Magic Pan Int'l, Inc. v. Colonial Promenade, 605 So.2d 563 (Fla. 5th DCA 1992), the defendant submitted an almost identical affidavit to that submitted by petitioner in this case. It stated that the defendant had never maintained an office, done business, owned real estate, maintained a bank account, or performed any activities in the State of Florida. Although the matter was remanded for an evidentiary hearing, the court further reiterated that the mere failure to pay money in Florida was not sufficient to obtain jurisdiction over a nonresident defendant. Id. at 566.
*396 In the instant case there is no allegation or evidence that petitioner owned property, businesses, or assets in Florida. She did not have any bank accounts or telephones in Florida. She was not employed in Florida, nor did she have a drivers' license, car or boat registration, or a professional license in Florida. She did not commit any substantial activity within the State of Florida, except for allegedly asking her mother-in-law, a Florida resident, for money. This does not satisfy the due process requirements of minimum contacts, fair play, or substantial justice.
In conclusion, if the circuit court had done a de novo review of both the longarm and the due process analyses, it would have reversed the trial court's denial of the petitioner's motion to dismiss for lack of jurisdiction. Its failure to do so violates petitioner's right to due process and will cause a miscarriage of justice. We, therefore, grant the petition for writ of certiorari, quash the circuit court's order affirming the trial court's decision, and remand to the trial court for dismissal with prejudice for lack of personal jurisdiction.
KAHN and BENTON, JJ., concur.
NOTES
[1] This court has jurisdiction pursuant to Fla. R.App. P. 9.030(b)(2).
[2] Because we find there is a lack of personal jurisdiction over petitioner despite this testimony, it is unnecessary for us to address any alleged procedural improprieties.
[3] In Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502-03 (Fla.1989), the supreme court set forth the procedure for addressing the question of personal jurisdiction. First, the plaintiff has the burden of alleging sufficient facts in the complaint establishing jurisdiction. Id. Second, the defendant has the burden of challenging these jurisdictional allegations by affidavit. In turn, the plaintiff has the burden to support the jurisdictional allegations through opposing affidavits, testimony, or documents. The trial court then must determine whether there is a factual conflict relevant to the legal analysis. If there is no conflict, the trial court can make a determination, as a matter of law, based upon undisputed facts. However, if the evidence presented by the parties conflicts, the trial court must then hold an evidentiary hearing to resolve the jurisdictional issue. Here, the trial court should have held a properly noticed evidentiary hearing after respondent presented her sworn testimony.
[4] Section 48.193 states in relevant part,

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
. . . .
(g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.