849 So.2d 466 (2003)
GLOBAL SATELLITE COMMUNICATION CO., d/b/a Group GSC, Appellant,
v.
Sarl SUDLINE and Fernand Sultan, individually, Appellees.
No. 4D02-3219.
District Court of Appeal of Florida, Fourth District.
July 16, 2003.
*467 Jack Bariton of Jack Bariton, P.A., Plantation, for appellant.
Scott M. Behren of Waldman, Feluren & Trigoboff, P.A., Weston, for appellees.
STEVENSON, J.
The appellant, Global Satellite Communication Co., d/b/a Group GSC, a Florida corporation, appeals the dismissal of its complaint against appellees, Sarl Sudline, a foreign corporation, and Fernand Sultan, an agent of Sudline, for lack of personal jurisdiction as to either defendant and for failure to state a cause of action against Sultan. We reverse the order of the trial court granting Sudline's motion to dismiss for lack of personal jurisdiction. In all other respects, we affirm.
Sudline, the defendant below, is a French company with offices located in Marseille, France. According to the record, Sultan, Sudline's agent, saw Global's internet advertisement for cell phones. Sultan contacted Global in Florida about purchasing a large shipment and asked that a contract be sent. Pursuant to the terms of the written contract, Sudline agreed to purchase 15,000 cellular phones from Global, which were to be shipped in allotments to Dubai, Saudi Arabia.
The written contract was subsequently executed by both Sudline and Global. The contract was silent as to the place of payment, providing only that payment was to *468 be made by "swift transfer." Additionally, section twenty-one of the contract, entitled "Governing Law," stated:
This Agreement shall be construed and enforced in accordance with the laws of the United States of America. Venue shall be in Broward County, Florida.
Subsequently, when Sudline refused to pay the initial deposit of $139,500, which was due prior to shipping, Global filed a two-count complaint for breach of contract against Sudline and Sultan, in his individual capacity. Appellees filed a motion to dismiss the complaint for improper service, lack of personal jurisdiction and failure to state a cause of action. The trial court granted the motion to dismiss based on lack of personal jurisdiction as to both Sudline and Sultan. Further, as to Sultan, individually, the trial court granted the motion for failure to state a cause of action, finding that there was no basis on which to hold Sultan personally liable on the contract, which he signed as a representative of Sudline.
Discussion
In Hartcourt Cos. v. Hogue, 817 So.2d 1067, 1070 (Fla. 5th DCA 2002), the court stated that
The determination of jurisdiction involves a two part inquiry. First, it must be determined whether the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of section 48.193, Florida's long arm statute. Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989). If the allegations are within the ambit of the statute, it must then be determined whether the exercise of jurisdiction is consistent with due process.
Florida Statute section 48.193(1)(g) provides that statutory long-arm jurisdiction may be asserted over a nonresident for "[b]reaching a contract in this state by failing to perform acts required by the contract to be performed in this state." Failure to pay a contractual debt where payment is due to be made in Florida is sufficient to satisfy Florida's long-arm provision that refers to contractual acts "required" to be performed in Florida. See Hartcourt, 817 So.2d at 1070.
Florida courts have consistently held that where the contract is silent as to place of payment, it is presumed to be the place of residence of the payee. See Buto v. Sirius Int'l Ins. Co., 807 So.2d 674 (Fla. 3d DCA 2001); Harris v. Caribank, 536 So.2d 394 (Fla. 4th DCA 1989); First Nat'l Bank of Kissimmee v. Dunham, 342 So.2d 1021, 1022 (Fla. 4th DCA 1977)(stating "[t]he note does not mention the place of payment so it is payable at the residence of the payee"). Global had only two offices, one in Dade and the other in Broward County, Florida. Here, while the contract does not specifically state where payment would be made, under the foregoing case law, it would be presumed that payment was to be made in Florida. Thus, Sudline's failure to make payment in Florida would meet the requirements of the long-arm statute. See, e.g., Hartcourt; Kane v. Am. Bank of Merritt Island, 449 So.2d 974 (Fla. 5th DCA 1984).
We must next determine whether Sudline's minimal contacts with Florida met the federal constitutional requirement of minimum contacts. "`[T]he constitutional touchstone' of the determination whether an exercise of personal jurisdiction comports with due process `remains whether the defendant purposefully established `minimum contacts' in the forum State.'" Asahi Metal Indus. Co. v. Superior Court of Cal., Solano County, 480 U.S. 102, 108-09, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)(quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). In *469 Christus St. Joseph's Health Systems v. Witt Biomedical Corp., 805 So.2d 1050, 1053 (Fla. 5th DCA 2002), the court noted that
Prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum.
It has been held that the failure to pay money in Florida, standing alone, would not suffice to obtain jurisdiction over a nonresident defendant. See Christus St. Joseph's Health Sys., 805 So.2d at 1054; Pres-Kap, Inc. v. Sys. One, Direct Access, Inc., 636 So.2d 1351 (Fla. 3d DCA 1994); Hatcher v. Hatcher, 598 So.2d 214 (Fla. 2d DCA 1992). But, where a requirement to pay money in Florida has been coupled with a Florida venue selection clause in a contract, courts have held that the nonresident defendant should reasonably expect to be haled into court in Florida. See, e.g., Desai Patel Sharma, Ltd. v. Don Bell Indus., Inc., 729 So.2d 453 (Fla. 5th DCA 1999); Dolphin Aviation, Inc. v. High Country Helicopters, Inc., 695 So.2d 811 (Fla. 2d DCA 1997); Jefferson Sav. & Loan Ass'n v. Greenman Group, Inc., 531 So.2d 428 (Fla. 4th DCA 1988); Maritime Ltd. P'ship. v. Greenman Adver. Assocs., Inc., 455 So.2d 1121 (Fla. 4th DCA 1984).
In Desai Patel Sharma, the Fifth District astutely observed that when jurisdiction is based on the breach of a contract in Florida coupled with a Florida venue selection clause, the defendant has given implied consent to personal jurisdiction in the forum State and has, in essence, conceded minimum contacts:
Personal jurisdiction, unlike subject matter jurisdiction, may be conferred by agreement. See for example, Burger King, [471 U.S. at 472 n. 14, 105 S.Ct. 2174]:
We have noted that, because the personal jurisdiction requirement is a waivable right, there are a "variety of legal arrangements" by which a litigant may give "express or implied consent to the personal jurisdiction of the court." (citation omitted). For example, particularly in the commercial context, parties frequently stipulate in advance to submit their controversies for resolution within a particular jurisdiction. (citation omitted). When such forum-selection provisions have been obtained through "freely negotiated" agreements and are not "unreasonable and unjust," (citation omitted) their enforcement does not offend due process.
729 So.2d at 454.
Accordingly, because compliance with both the Florida long-arm statute and the federal due process clause have been met, we reverse the trial court's order granting the motion to dismiss for lack of personal jurisdiction as to Sudline.[1]
AFFIRMED in part, REVERSED in part and REMANDED.
STONE and WARNER, JJ., concur.
NOTES
[1] Since we have concluded that the trial court was correct in finding that Sultan was not personally liable on the contract, the trial court's order finding a lack of personal jurisdiction as to Sultan was also correct since Sultan would not have performed any act subjecting himself to the statutory long-arm jurisdiction of Florida.