BENTON, J.
 

 Ed Labry, Bill Benton, and Kevin Adams appeal the denial of their motion to dismiss, on grounds of lack of personal jurisdiction, the complaint filed by Whitney National Bank (Whitney) against them (and others) seeking to collect on a loan Whitney made to AB9G, LLC, a Florida corporation. Whitney alleged that appellants (and others) guaranteed the loan and that AB9G’s default triggered payment obligations under the guaranties. In their motion, appellants, defendants below, asserted that they reside in Tennessee, executed the guaranties there, and lack any other connection to Florida in their personal capacities; and that Whitney failed to allege or prove facts that show that
 
 *1240
 
 Florida courts have personal jurisdiction over them. We have jurisdiction of the appeal.
 
 See
 
 Fla. R.App. P. 9.030(b)(1)(B) (2009), 9.130(a)(3)(C)(i) (2009).
 

 Insofar as it presents a question of law, we review
 
 de novo
 
 an order denying a motion to dismiss on grounds of lack of personal jurisdiction.
 
 See Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co.,
 
 752 So.2d 582, 584 (Fla.2000);
 
 Ganiko v. Ganiko,
 
 826 So.2d 391, 393 (Fla. 1st DCA 2002). A plaintiff seeking to establish in person-am jurisdiction over a nonresident defendant has the burden of alleging sufficient facts (1) to bring the action within Florida’s long arm statute and (2) to show that exercising personal jurisdiction over the defendant comports with due process.
 
 See Venetian Salami Co. v. Parthenais,
 
 554 So.2d 499, 502 (Fla.1989) (“In determining whether long-arm jurisdiction is appropriate in a given case, two inquiries must be made. First, it must be determined that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the statute; and if it does, the next inquiry is whether sufficient ‘minimum contacts’ are demonstrated to satisfy due process requirements.” (quoting
 
 Unger v. Publisher Entry Serv., Inc.,
 
 513 So.2d 674, 675 (Fla. 5th DCA 1987))).
 

 Whitney’s complaint alleged as a basis for jurisdiction over appellants only that they were out-of-state residents who “ha[ve] engaged in business in Walton County, Florida, including without limitation, the transaction relating to the note and guaranty that is the subject of this litigation.” Florida’s long arm statute provides, in relevant part:
 

 (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
 

 (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
 

 [[Image here]]
 

 (g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.
 

 § 48.193, Fla. Stat. (2008). Whitney’s complaint can be read as contemplating section 48.193(l)(a) alone. Although the only basis for relief specified in the complaint is appellants’ failure to repay AB9G’s indebtedness, the complaint makes no mention of section 48.193(l)(g).
 

 On appeal, however, Whitney does contend that jurisdiction is proper under section 48.193(l)(g). We assume for purposes of decision that the section 48.193(l)(g) point was preserved for appeal, and that Whitney demonstrated below that section 48.193(l)(g)’s requirements have been met. Even on these assumptions, however, Whitney had also to demonstrate that the constitutional minimum contacts requirement for personal jurisdiction was satisfied. On this score, our supreme court has said:
 

 Long ago, the United States Supreme Court in
 
 International Shoe Co. v. Washington,
 
 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), held that in order to subject a defendant to an in personam judgment when he is not present within the territory of the forum, due process requires that the defendant have certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. More recently, the same Court stated that the test is whether the defendant’s conduct in connection with the forum state is “such that he should reasonably anticipate be
 
 *1241
 
 ing ha[i]led into court there.”
 
 WorldWide Volkswagen Corp. v. Woodson,
 
 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).
 

 Venetian Salami,
 
 554 So.2d at 500. We have held that a lender does not meet the test just by showing that payments a defaulting borrower owes are to be made in Florida.
 
 See Ganiko,
 
 826 So.2d at 395 (“It is also not enough to satisfy due process concerns that payment is to be made in the forum state.” (citing
 
 Quality Christmas Trees Co. v. Florico Foliage, Inc.,
 
 689 So.2d 1222 (Fla. 5th DCA 1997)));
 
 see also Edwards v. Geosource, Inc.,
 
 473 So.2d 36, 37 (Fla. 1st DCA 1985) (“Signing a promissory obligation, in and of itself, is insufficient contact to confer personal jurisdiction.” (citing
 
 Odell v. Signer,
 
 169 So.2d 851 (Fla. 3d DCA 1964))).
 

 Both Whitney and appellants filed affidavits: Appellants aver that they have never been residents of Florida, that they have never engaged in business in Florida in their personal capacities, that they do not personally own any real property in Florida, that the guaranties were executed in Tennessee, and that the guaranties do not specify the performance of any act or create any obligation in Florida. Whitney, through a vice president, executed an affidavit averring that “[i]n connection with the execution of the Note, [appellants] as guarantors of the indebtedness due under the Note, provided financial statements to [Whitney] and certified those financial statements to [Whitney] and that “[appellants] jointly and severally guaranteed the prompt payment of 30% of the indebtedness due under the Note and agreed to be bound by all of the obligations of AB9G, LLC in the State of Florida, as specifically set forth in the guarantees executed by [appellants].... ” Financial statements “provided” by mail or facsimile transmission do not necessarily entail any action in Florida on the provider’s part.
 

 The Fifth District has specifically rejected the contention that simply executing a guaranty of a loan a Florida bank makes creates the requisite minimum contacts.
 
 See Holton v. Prosperity Bank of St. Augustine,
 
 602 So.2d 659, 662-63 (Fla. 5th DCA 1992) (“[A] guarantor’s mere obligation to honor a payment obligation of another, even if that obligation is required to be made in Florida is not a substantial activity to subject the nonresident guarantor to the jurisdiction of a Florida court.” (citing
 
 Hotchkiss v. FMC Corp.,
 
 561 So.2d 1261 (Fla. 2d DCA 1990))).
 
 But see Kane v. Am. Bank of Merritt Island,
 
 449 So.2d 974, 975-76 (Fla. 5th DCA 1984) (finding sufficient minimum contacts when out-of-state guarantors defaulted on a note payable in Florida, even though the guaranties were executed outside of Florida).
 

 On the other hand, guaranties of notes given to finance the sale of goods in Florida, secured by a security agreement filed in Florida, and intended “to provide funds for operating a business in Florida,” were held to provide the requisite contacts for asserting personal jurisdiction over the guarantor, at least where the guarantor had “business contacts” in Florida and “serve[d] as a trustee of a college in Florida.”
 
 Hamilton v. Bus. Assistance Consortium, Inc.,
 
 602 So.2d 619, 621 (Fla. 3d DCA 1992). Although the Fourth District said in
 
 Harris v. Caribank,
 
 536 So.2d 394, 396 (Fla. 4th DCA 1989), which, like the present case, involved “a mortgage on property located in Florida,” that the “fact that payment was to be made in Florida, and the fact that payment was not made, would appear to be enough to bring the Harrises within the scope of section 48.193(l)(a),” the separate, constitutional issue of minimum contacts may have turned on the fact that the guaranties in that case “specified Florida as ... the jurisdictional forum for deciding legal disputes between the parties.”
 
 Id.
 
 at 395-96.
 
 *1242
 

 But see Hamilton,
 
 602 So.2d at 621 (stating that “even with a choice of forum clause, it is necessary to establish that a guarantor has minimum contacts with the forum state” (citations omitted)).
 

 In the present case, the documents contain a choice of law provision, but no forum selection clause, agreement to litigate in Florida, nor any waiver of rights to contest personal jurisdiction. Because we have held that even an unconditional obligation to make payments in Florida does not, by itself, establish that the obligor has constitutionally sufficient contact with Florida to support personal jurisdiction,
 
 see Ganiko,
 
 826 So.2d at 395;
 
 see also Edwards,
 
 473 So.2d at 37, we do no more than adhere to precedent in holding that the contingent obligation a guaranty represents remains, even in the event of default, a constitutionally inadequate basis for personal jurisdiction. We reject the argument that furnishing financial statements in connection with a guaranty makes a material difference.
 

 Reversed.
 

 LEWIS and CLARK, JJ., concur.