DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CORNERSTONE INVESTMENT FUNDING, LLC,**
Appellant,

v.

**PAINTED POST GROUP, INC.,**
Appellee.

No. 4D15-1907

[March 16, 2016]

Appeal of a non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Lisa S. Small, Judge; L.T. Case No. 502014CA004263 AH.

Steven A. Matta of Matta Blair, PLC, Bloomfield Hills, Michigan, for appellant.

Arnold R. Ginsberg of Arnold R. Ginsberg, P.A., Miami, and Jared L. Gamberg of Jared L. Gamberg, P.A., Hollywood, for appellee.

**ON MOTION FOR REHEARING**

PER CURIAM.

We grant the Motion for Rehearing filed by Appellee Painted Post Group, withdraw our previously issued opinion dated January 27, 2016, and replace it with the following:

Appellant, Cornerstone Investment Funding, LLC ("Cornerstone"), a Virginia-based entity, appeals the trial court's denial of its motion to dismiss for lack of personal jurisdiction.[1] We reverse, concluding that Cornerstone lacked sufficient minimum contacts with Florida to satisfy due process.

## Background

---

[1] This Court has jurisdiction based on Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i).

The complaint alleged as follows. Arnold S. Goldin, Inc., loaned Cornerstone $300,000. The loan was evidenced by a promissory note signed by the parties separately in Virginia and Florida. Goldin subsequently assigned its interest in the promissory note to appellee, Painted Post Group, Inc. ("Post Group"), with which Goldin was affiliated. Both Goldin and Post Group were located in Palm Beach County.

When Cornerstone failed to make payments on the note, Post Group filed suit in Palm Beach County against Cornerstone and others for, amongst other things, repayment of the loan. The defendants in the action below moved for summary judgment, alleging the trial court lacked personal jurisdiction over the non-resident defendants. A predecessor judge granted the motion but also granted leave for Post Group to amend its complaint.

Post Group filed an amended complaint only against Cornerstone, alleging a single count for breach of contract. Cornerstone moved to dismiss for lack of personal jurisdiction and, after conflicting jurisdictional affidavits were filed by the parties, the trial court held an evidentiary hearing. The only witness to testify at the hearing was Arnold Goldin, a principal of Arnold S. Goldin, Inc. Arnold Goldin claimed the parties had entered into a "verbal agreement" that payments on the promissory note would be made to his business address in Palm Beach County. Based on Arnold Goldin's testimony, a successor judge[2] concluded that Post Group had established both jurisdictional facts and minimum contacts between Cornerstone and Florida sufficient to assert personal jurisdiction over Cornerstone. From that order, Cornerstone brings this appeal.

**Analysis**

Personal jurisdiction over a non-resident defendant may be exercised only when the following two-pronged test has been satisfied: (1) the complaint alleges facts that would subject the defendant to Florida's "long-

---

[2] Cornerstone argues that the predecessor judge's grant of summary judgment as to personal jurisdiction bound the successor judge to rule in its favor on the subsequent motion to dismiss for lack of personal jurisdiction. However, since that order likewise granted Post Group leave to amend the complaint, no final judgment on personal jurisdiction existed for which collateral estoppel would apply. *Hanover Ins. Co. v. Marriott Int'l, Inc.*, 685 So. 2d 894, 895 (Fla. 4th DCA 1997).

arm" statute,[3] and (2) the defendant has sufficient "minimum contacts" to meet traditional notions of fair play and substantial justice such that the defendant could "'reasonably anticipate being haled into court'" due to its actions. *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 501 (Fla. 1989) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)); *Henderson v. Elias*, 56 So. 3d 86 (Fla. 4th DCA 2011). Failure to pay on a contract requiring payment in Florida has been found sufficient to satisfy Florida's long-arm statute conferring jurisdiction over breach of contract actions. *Smith Architectural Grp., Inc. v. Dehaan*, 867 So. 2d 434, 436 (Fla. 4th DCA 2004). Post Group's amended complaint thus meets the first prong of the *Venetian Salami* test.

The mere fact, however, that Cornerstone allegedly breached a contract by failing to make payments on the contract in Florida would not constitute sufficient minimum contacts with this state to satisfy due process. *Taskey v. Burtis*, 785 So. 2d 557, 559 (Fla. 4th DCA 2001) ("Factors that go into determining whether sufficient minimum contacts exist include the foreseeability that the defendant's conduct will result in suit in the forum state and the defendant's purposeful availment of the forum's privileges and protections."); *Labry v. Whitney Nat'l Bank*, 8 So. 3d 1239, 1241 (Fla. 1st DCA 2009); *Ganiko v. Ganiko*, 826 So. 2d 391, 394-95 (Fla. 1st DCA 2002). As neither Post Group's amended complaint nor Goldin's hearing testimony showed that any related substantial act beyond repayment of the promissory note was required to be and/or actually was performed in Florida, Cornerstone does not have sufficient minimum contacts with this state to support the assertion of personal jurisdiction over it. See *deMco Techs., Inc. v. C.S. Eng'd Castings, Inc.*, 769 So. 2d 1128, 1131 (Fla. 3d DCA 2000).

**Conclusion**

Accordingly, the order appealed from is reversed and remanded with directions to grant Cornerstone's motion to dismiss without prejudice to Post Group refiling its complaint in an appropriate forum.

*Reversed and remanded for further proceedings.*

---

[3] "A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself . . . to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts . . . . Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state." § 48.193(1)(a)7., Fla. Stat. (2013).

CIKLIN, C.J., DAMOORGIAN and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***