DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WALLACE BUICK COMPANY** a/b/n
**BRESLIN & WALLACE,** an Oregon corporation,
Appellant,

v.

**RITE WAY AUTO TRANSPORT LLC,**
a Florida limited liability company,
Appellee.

No. 4D18-3220

[August 14, 2019]

Appeal of non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Sandra Perlman, Judge; L.T. Case No. CACE-17-015899.

Peter T. Mavrick and Steven M. Canter of Mavrick Law Firm, Fort Lauderdale, for appellant.

No brief filed for appellee.

KUNTZ, J.

Wallace Buick Company appeals an order denying its motion to dismiss Rite Way Auto Transport LLC's complaint for lack of personal jurisdiction and mootness. Because there was no showing that Wallace Buick had sufficient minimum contacts with Florida to satisfy due process, we reverse.

### *Background*

Rite Way, a Florida limited liability corporation, filed a lawsuit in Broward County, Florida, against Wallace Buick, an Oregon corporation, for breach of contract and unjust enrichment. Rite Way alleged that it signed an agreement with Wallace Buick for the delivery of thirty-nine vehicles and that Wallace Buick failed to pay for the delivery of thirty-six of the vehicles.

In the complaint, Rite Way alleged jurisdiction was proper in Broward

County because the alleged contract "contains an exclusive jurisdiction provision stating that the exclusive jurisdiction for any dispute, claim or controversy arising out of the contractual relationship shall be in the state court located in Broward County, Florida or the Federal Court serving the Southern District of Florida . . . ."

Wallace Buick moved to dismiss the complaint for lack of personal jurisdiction. In support of the motion, Wallace Buick filed the affidavit of its president, who attested that the company is incorporated in Oregon and does not do any business in Florida. The president also stated that he was unaware that a sales associate signed an agreement with Rite Way relating to the thirty-six vehicles at issue in the lawsuit. He explained that the sales associate lacked authority to sign the contract. Wallace Buick authorized and paid for the transportation of only three vehicles, and those vehicles were not delivered to or transported from Florida. Wallace Buick never authorized the transportation of any other vehicles by Rite Way. In fact, Wallace Buick argued to the circuit court that it did not ship or receive those other thirty-six vehicles.

Rite Way filed two affidavits in response to the motion to dismiss. One affidavit was from Rite Way's managing member, who stated that all orders taken by Rite Way are subject to a signed "business to business agreement." Rite Way requires all customers to sign this agreement once, and it automatically renews each month unless cancelled. The managing member testified that over the course of dealing between the parties, Wallace Buick ordered Rite Way to deliver thirty-nine vehicles and that Wallace Buick paid for the transportation of three of the vehicles.

The second affidavit was from the Rite Way sales associate who received the order for Rite Way's services from the Wallace Buick sales associate. The affidavit stated that Wallace Buick's sales associate represented that he was a sales manager. And because the Wallace Buick sales associate claimed to be a sales manager and had a Wallace Buick email address, the Rite Way associate accepted the sales associate's representation that he was authorized to sign the agreement. The Rite Way sales associate did not communicate with anyone else at Wallace Buick.

After a non-evidentiary hearing,[1] the court entered Rite Way's written proposed order denying the motion to dismiss. In the order, the court found that Rite Way "sufficiently pled personal jurisdiction" and that Rite Way's affidavits remained unchallenged by Wallace Buick's affidavits. The court found sufficient "minimum contacts" existed because Wallace Buick

_____

[1] Both parties stipulated that an evidentiary hearing was unnecessary.

2

executed the agreement, which contained exclusive jurisdiction language, as well as Wallace Buick's solicitation and engagement of Rite Way's services for many months. The court also found that Wallace Buick accepted thirty-nine vehicles and that thirty-six of those vehicles were accepted before the three that Wallace Buick paid Rite Way to transport.

Next, the court found that the affidavits conflicted about the purported sales manager's authority to bind Wallace Buick. But the court held that the affidavits did not conflict about the existence of an agreement that contained exclusive jurisdictional and choice of law provisions. The authority to execute the contract could be raised as an affirmative defense to the lawsuit but was not a basis to dismiss for lack of personal jurisdiction.

Wallace Buick appeals the circuit court's order.

### *Analysis*

Wallace Buick raises two arguments on appeal. First, Wallace Buick argues the trial court erred in finding that the issue of authority to execute a contract cannot be addressed in adjudicating a motion to dismiss for lack of personal jurisdiction. Second, Wallace Buick argues that the court erred when it found Rite Way satisfied Florida's long-arm statute and that Wallace Buick had sufficient minimum contacts with Florida to satisfy due process requirements. We agree that Rite Way failed to establish sufficient minimum contacts between Wallace Buick and Florida to satisfy due process.[2]

We review de novo the circuit court's ruling on a motion to dismiss for lack of personal jurisdiction. *Wendt v. Horowitz*, 822 So. 2d 1252, 1256 (Fla. 2002).

We conduct a two-part test to determine whether a Florida court has personal jurisdiction over a non-resident. *Rolls-Royce, PLC v. Spirit Airlines, Inc.*, 239 So. 3d 709, 712 (Fla. 4th DCA 2018) (citing *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989)). First, a court determines whether the complaint alleges sufficient facts to bring the action within Florida's long-arm statute. *Id.* at 712-13 (footnote omitted) (citing *Venetian Salami*, 554 So. 2d at 502). If the plaintiff alleged sufficient jurisdictional facts, a court determines whether sufficient minimum contacts exist between the defendant and Florida to satisfy due process. *Id.* at 713 (citing *Venetian Salami*, 554 So. 2d at 502).

---

[2] Our resolution of the second argument renders the first argument moot.

Rite Way alleged in its complaint that Wallace Buick failed to pay a debt due in Florida. That is sufficient to satisfy the first part of the test. *See Cornerstone Inv. Funding, LLC v. Painted Post Grp., Inc.*, 188 So. 3d 904, 905 (Fla. 4th DCA 2016) ("Failure to pay on a contract requiring payment in Florida has been found sufficient to satisfy Florida's long-arm statute conferring jurisdiction over breach of contract actions." (citation omitted)).

Next, we determine whether sufficient minimum contacts existed to satisfy due process. The circuit court found that this prong was satisfied because Wallace Buick executed the agreement containing exclusive jurisdictional language and the engagement of Rite Way's services.

That Rite Way alleged Wallace Buick failed to pay a debt due in Florida may satisfy the first part of the two-part test. But, without more, it does not satisfy the second part of the test. *See Cornerstone*, 188 So. 3d at 906 ("The mere fact, however, that Cornerstone allegedly breached a contract by failing to make payments on the contract in Florida would not constitute sufficient minimum contacts with this state to satisfy due process." (citations omitted)); *see also deMco Techs., Inc. v. C.S. Engineered Castings, Inc.*, 769 So. 2d 1128, 1132 (Fla. 3d DCA 2000) (stating that a choice of law provision, without more, cannot establish long-arm jurisdiction (citation omitted)).

In *Cornerstone*, the plaintiff presented no evidence that any act was to occur in Florida other than the repayment of a debt. 188 So. 3d at 906. As a result, we held the plaintiff failed to establish the defendant had minimum contacts with Florida. *Id.*

Here, there was a written agreement signed by Wallace Buick's sales associate. And the agreement contained an exclusive jurisdiction clause. But, as in *Cornerstone*, there is nothing to show that "any related substantial act beyond [payment] was required to be and/or actually was performed in Florida." *See id.*

The affidavit in support of the motion to dismiss states that Wallace Buick is based in Portland, Oregon; is an Oregon corporation; and has its principal place of business in Oregon. Rite Way neither delivered any vehicle to Wallace Buick in Florida nor transported any vehicle from Florida. And the Rite Way sales associate testified that he did not communicate with anyone other than the Wallace Buick sales associate.

Based on these facts, Rite Way did not establish sufficient minimum contacts between Wallace Buick and Florida to satisfy due process.

4

### Conclusion

The circuit court's order denying Wallace Buick's motion to dismiss for lack of personal jurisdiction is reversed, and the case is remanded with instructions to dismiss the complaint against Wallace Buick for lack of personal jurisdiction.

*Reversed and remanded.*

WARNER and FORST, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***